ROY C. DERKSEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 35096–84.     Filed March 7, 1985.

Roy C. Derksen, pro se.
*Mark D. Petersen*, for the respondent.

### OPINION

FEATHERSTON, *Judge*: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7456(d) and Rule 180.[1] The Court agrees with and adopts her opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge*: This case is before the Court on respondent's motion pursuant to Rule 40 to dismiss for failure to state a claim upon which relief can be granted. Additionally, we consider petitioner's motion for leave to file an amended petition.

Petitioner resided in Brandon, Wisconsin, at the time the petition was filed.

Respondent determined deficiencies in petitioner's Federal income taxes, self-employment taxes, and additions to tax as follows:

---

[1] Section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Income tax | Self-employment tax | Additions to tax | | |
| --- | --- | --- | --- | --- | --- |
| | | | Sec. 6651(a) | Sec. 6653(a) | Sec. 6654 |
| 1980 | $5,815 | $1,833 | $1,912 | $382 | $488 |
| 1981 | 6,462 | 2,259 | 2,180 | [2]436 | 669 |
| 1982 | 6,444 | 2,384 | 2,207 | [3]441 | 860 |

The determination was based upon unreported taxable income from self-employment for the 3 years under consideration in the amounts of $21,634, $23,287, and $24,501. Respondent also determined for all the years in question that petitioner failed to file returns; that the underpayments of taxes were due to petitioner's negligence or intentional disregard of rules or regulations; and that petitioner failed to pay estimated income taxes.

Petitioner filed voluminous documents with this Court as his response to the deficiency notice. These were treated as his petition. His petition, consisting of about 90 pages of mimeographed material is generally incomprehensible, but it is possible to discern that petitioner makes the following contentions:

(1) There is no jurisdiction of this Court over petitioner.

(2) Petitioner is immune from taxes.

(3) Petitioner is not required to set forth his grounds supporting his position.

(4) Petitioner has never submitted to or become subject to the jurisdiction of Congress or the Internal Revenue Service in any matter related to or authorizing Federal taxes.

(5) Petitioner has not volunteered to file a return or provide information and is not required to do so.

(6) The Sixteenth Amendment to the Constitution is only applicable to corporations and quasi-corporate entities.

(7) Petitioner is not a taxpayer.

(8) Petitioner does not intend to have a social security number or to collect social security benefits, and he resigns from social security programs.

We take judicial notice that we have previously received in other cases documents substantially similar to those filed herein. Petitioner failed to raise any justiciable issues of law or fact. This petition, therefore, fails to state a claim upon which

---

[2]Together with 50 percent of the interest due on $8,721 pursuant to sec. 6653(a)(2).

[3]Together with 50 percent of the interest due on $8,828 pursuant to sec. 6653(a)(2).

relief can be granted. *Rowlee v. Commissioner*, 80 T.C. 1111 (1983). We will not expend the resources and energy of this Court to respond to each and every frivolous allegation of petitioner, as we have treated them time and time again in regard to other tax protesters. It is enough to state that they are completely without merit. *McCoy v. Commissioner*, 76 T.C. 1027, 1029–1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

After the filing of respondent's motion to dismiss, petitioner forwarded to this Court documents entitled "Amended Petition," "Motion for Leave to File Amended Petition," as well as one entitled "Objection to Motion to Dismiss for Failing to State a Claim." The objection states only "Respondent received an affidavit with the original Petition stating that Petitioner had no income for the years involved."[4]

We first deal with petitioner's motion for leave to file an amended petition. We grant that motion, although in our view it is not necessary to do so since petitioner has a right under our Rules to file the amended petition without seeking leave of the Court. Rule 41(a) provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served." Petitioner has not heretofore filed an amended petition. Further, respondent's motion to dismiss does not represent a responsive pleading. Rule 30. Rule 41(a) clearly states that under these circumstances, petitioner has a right to file his amended pleading, even without leave of this Court.[5] Our Rule 41(a) is derived to a substantial extent from rule 15(a), Federal Rules of Civil Procedure (Notes to Rule 41(a), 60 T.C. 1059, at 1089) and is intended to reflect a liberal attitude in favor of pleading amendments. Many cases in which the right to file an amended complaint under the Federal Rules was considered have held that a motion to dismiss is not a responsive pleading within the meaning of rule 15 of the Federal Rules of Civil Procedure. See *Barksdale v. King*, 699 F.2d 744 (5th Cir. 1983); *Thomas v. Pate*, 493 F.2d 151, 162 (7th Cir. 1974), cert. denied 419 U.S. 879 (1974);

---

[4]The written objection by petitioner is considered but it in no manner sets forth the elements of a claim upon which relief can be accorded petitioner.

[5]We have, on numerous occasions, stated that our Rules of practice and our orders mean exactly what they say. *Rosenfeld v. Commissioner*, 82 T.C. 105, 111 (1984); *Odend'hal v. Commissioner*, 75 T.C. 400, 404 (1980), affd. 748 F.2d 908 (4th Cir. 1984); *Branerton Corp. v. Commissioner*, 61 T.C. 691, 692 (1974).

*Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961);[6] *Peterson Steels v. Seidmon*, 188 F.2d 193 (7th Cir. 1951). These cases provide firm support for our holding in this regard. Thus, leave is granted to file the amended petition.[7]

Having determined that the amended petition should be filed, we next turn our consideration to the impact of petitioner's amended petition on respondent's motion to dismiss for failure to state a claim. One possibility would be to deny respondent's motion as moot since it was filed in relation to the original petition. To do so under the circumstances of this case would be to exalt form over substance. Our Rules provide that they shall be construed to secure the just, speedy, and inexpensive determination of every case. Rule 1(b). See, e.g., *Hicks Nurseries v. Commissioner*, 62 T.C. 138 (1974). In order to meet the Rules' requirement of a speedy, just, and inexpensive determination in this matter, we will consider the motion to dismiss in regard to the amended petition.

We have, in the past, considered motions to dismiss, filed prior to the filing of an amended petition, in light of the facts alleged in the amended petition. Thus, in *Estate of Peterson v. Commissioner*, 45 T.C. 497 (1966), respondent filed a motion to dismiss for lack of jurisdiction in regard to an estate under then Rules 6 and 7 on the ground that no fiduciary or personal representative of the estate had authorized the bringing of the suit on behalf of the estate. Subsequent to respondent's motion, a temporary administratrix was appointed and leave to file an amended petition was granted. We then considered respondent's motion to dismiss in relation to the amended petition and denied it. There have been similar holdings under the Federal Rules. See *Barksdale v. King, supra*, where a

---

[6]*Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1964), held that the plaintiff had an absolute right to amend the complaint even after the issuance of an order granting the defendant's motion to dismiss. We need not consider that question here since the motion for leave to file an amended petition was received prior to action on the motion to dismiss.

[7]We do not address the situation where an amended pleading has already been filed and leave of the Court is requested to file further amendments. There, even though we respect the underlying principle of the rule which is tolerant towards amendments, we note the Supreme Court has opined in *Foman v. Davis*, 371 U.S. 178, 182 (1962), that such leave to amend may be inappropriate where there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—for denying it. If to allow the amended pleading would be futile, e.g., for its failure to state a claim upon which relief can be afforded, it is within the discretion of the court to refuse to grant leave to file the amendment. See *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982), *Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

motion to dismiss for failure to state a claim filed prior to the filing of an amended complaint was denied not because it was moot, but because the amended complaint in fact did state a claim. See also *Peterson Steels v. Seidmon, supra,* where the Seventh Circuit, in reversing the District Court's denial of leave to file an amended complaint, concluded that the amended complaint did state a cause of action and remanded the action.

Since the amended petition is subject to the same scrutiny to ascertain whether it states a claim as the original petition, and since it relates back to the time of filing the original, Rule 41(d),[8] we consider the motion to dismiss, based on the authority of the foregoing cases, in relation to the amended petition. We have found that the original petition fails to state a claim upon which relief can be accorded. We find the amended petition similarly lacking.

The amended petition states, as to all 3 years at issue, that respondent has erroneously and wrongfully included in gross income the sums set forth in the deficiency determination, and has erroneously and wrongfully determined the various additions to tax. It goes on to state that petitioner is "an unenfranchise [sic] free man at Common Law," not a "juristic person in equity," that petitioner has no obligations under the Internal Revenue Code for the years in question, that the notice of deficiency gives the wrong filing status for petitioner, that petitioner did not self-assess himself so no deficiency can exist, that respondent has no evidence that petitioner shelled corn as alleged in the notice and even if he did, it would have been an equal exchange of service for compensation and no profit or gain would have accrued to petitioner.

The amended petition does not contain any allegations whatsoever as to the receipt of unreported income from corn shelling, which is the basis of the deficiency notice. Rule 34(b) requires that a petition contain—

---

[8]Rule 41(d) provides:

"When an amendment of a pleading is permitted, it shall relate back to the time of filing of that pleading, unless the Court shall order otherwise either on motion of a party or on its own initiative."

We do not order otherwise in this case.

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered.

(5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.

Petitioner, who bears the burden of proof in this matter (*Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a)), has failed completely to allege any justiciable assignments of error of either law or of fact. He is considered, under Rule 34(b)(4), to have conceded such issues.

A portion of the deficiency for each year relates to taxes under the provisions of section 1401 of the Code. That section imposes a tax upon net earnings from self-employment for social security purposes. We note that petitioner's only claim in this regard is that he wishes to resign from the social security system. There are some specific exemptions from the tax but the desire not to be a part of the social security system, standing alone, is not one of them. See *Templeton v. Commissioner*, T.C. Memo. 1982–456, affd. 719 F.2d 1408 (7th Cir. 1983). Petitioner has alleged no bases for exemption and we particularly note that he has not denied that he was self-employed. His position is without merit and he has failed to state a claim upon which relief can be afforded.

This Court, as well as every court which has considered the matters set forth in petitioner's amended complaint, has rejected them entirely. We stated in *McCoy v. Commissioner*, 76 T.C. at 1029–1030, that:

The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions.

We intend to follow *McCoy* in this regard. Petitioner's allegations are frivolous and completely without merit. See *Schiff v. Commissioner*, 751 F.2d 116 (2d Cir. 1984), affg. T.C. Memo. 1984–223; *Granzow v. Commissioner*, 739 F.2d 265 (7th Cir. 1984); *Lonsdale v. Commissioner*, 661 F.2d 71 (5th Cir. 1981); *Rowlee v. Commissioner*, 80 T.C. 1111 (1983); *Reading v.*

*Commissioner*, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Respondent's motion to dismiss is granted.

We now consider, on our own motion, whether damages should be awarded to the United States under the provisions of section 6673 of the Code. That section provides that whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States. We find petitioner's petition and amended petition, as well as his objection to respondent's motion to dismiss, to be frivolous and groundless.[9] We believe that they were filed only for purposes of delay. Accordingly, damages in the amount of $5,000 are awarded to the United States.

> *An appropriate order and decision will be entered.*

---

[9]In respondent's motion to dismiss, he cited the opinion of this Court in *Rowlee v. Commissioner,* 80 T.C. 1111 (1983), and attached as Exhibit B a Memorandum Sur Order of this Court in *Kernodle v. Commissioner,* docket No. 8942–84, in which arguments the same as those of petitioner were held to be meritless. Petitioner nevertheless has continued on his path of tax protest in his amended petition.