BARBADOS #6 LTD., A PARTNERSHIP, BAJAN SERVICES, INC.,
TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

BARBADOS #5 LTD., A PARTNERSHIP, BAJAN SERVICES, INC.,
TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT[1]

Docket Nos. 33764–84, 33878–84.     Filed December 10, 1985.

*Edward G. Lavery* and *Larry K. Hercules,* for the petitioners.
*R. Alan Lockyear* and *Henry Schneiderman,* for the respondent.

## OPINION

CANTREL, *Special Trial Judge*: These cases are before the Court on respondent's motion to dismiss for lack of jurisdiction filed in each case on April 1, 1985; and on petitioner's motion filed in each case for leave to file amended petition and to change caption, filed on April 25, 1985. Petitioner also filed a response in each case to respondent's motion on April 25, 1985. These cases were called from the calendar at the motions session of the Court at Washington, D.C., on June 5, 1985, when counsel for both parties appeared and presented argument on all the motions in both cases. At the conclusion of the hearing the Court took the motions under advisement.[2]

On June 18, 1984, respondent issued notices of final partnership administrative adjustment (sometimes referred to as FPAA) for Barbados #5 Ltd., and Barbados #6 Ltd., to Mr. Wally Jensen, president of Bajan Services, Inc., in Salt Lake

[1] These cases are combined solely for purposes of this opinion. Although this opinion relates to two partnerships, we will refer to Bajan Services, Inc., in the singular as the petitioner. Our reading of sec. 6226(a), (b), (c) and (g), Internal Revenue Code of 1954 as amended, reveals that the tax matters partner or notice partner is in fact the petitioner in a case under subch. C of ch. 63, 1954 as amended. Thus Bajan Services, Inc., is the petitioner in each case. See also Tax Court Rules of Practice and Procedure, Rules 240(d) and 241(c).

[2] These cases were assigned pursuant to section 7456(d)(4), Internal Revenue Code of 1954 as amended, and Rules 180 and 181, Tax Court Rules of Practice and Procedure.

City, Utah pursuant to section 6223(a)(2).[3] Subsequently, on June 25, 1984, identical notices of final partnership administrative adjustment for each of the limited partnerships were issued to Bajan Services, Inc., in Salt Lake City. In each of the two sets of notices the following notation appeared in the heading information: "Date FPAA Mailed to Tax Matters Partner: June 18, 1984." The two sets of notices were respectively date-stamped June 18, 1984, and June 25, 1984, and contained the following language:

We have determined that there are adjustments to the partnership as shown on the attached schedule(s). This letter is the Notice of Final Partnership Administrative Adjustments (FPAA) sent to you as required by law.

If you are the Tax Matters Partner and want to contest these adjustments in court, you have 90 days from the mailing date of this letter to file a petition for readjustment of the partnership items with

1. The United States Tax Court;
2. The District Court of the United States for the district in which the partnership's principal place of business is located; or
3. The United States Claim[s] Court.

If the Tax Matters Partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code or any group of partners who together have an interest of 5 percent or more in the profits of the partnership may petition one of the above courts after the 90th·day but on or before the 150th day from the mailing date of the FPAA to the Tax Matters Partner as shown above.

In the case of Barbados #6 Ltd., respondent disallowed a partnership interest expense in the amount of $1,832,000 and increased the partnership's income by $10,000 for the tax year ending December 31, 1982.[4] In the case of Barbados #5 Ltd., respondent disallowed a partnership interest expense of

[3]All section references are to the Internal Revenue Code of 1954 as amended; and all Rule references are to the Tax Court Rules of Practice and Procedure. To date, temporary or final regulations have not been promulgated by the Secretary of the Treasury pertaining to the tax treatment of partnership items for income tax purposes.

[4]The new partnership provisions of subch. C of ch. 63, I.R.C. 1954 as amended, are generally effective for partnership taxable years beginning after Sept. 3, 1982. For partnership taxable years beginning before and ending after Sept. 3, 1982, the new partnership provisions apply only if the partnership, with the consent of each partner, requests to have the new provisions apply and the Secretary of the Treasury consents to such application. The partnerships in these cases, Barbados #5 Ltd. and Barbados #6 Ltd., commenced business on Nov. 18, 1982, and Nov. 19, 1982, respectively. Because the partnerships' taxable years begin and end after Sept. 3, 1982, the new provisions apply irrespective of a request and consent. See generally Tax Equity and Fiscal Responsibility Act of 1982, sec. 407, 96 Stat. 670; cf. Rev. Proc. 83–8, 1983–1 C.B. 639.

$5,335,000 and increased the partnership's income by $48,500 for the tax year ending December 31, 1982.[5]

Petitioner mailed its petition in each case to the Tax Court on September 21, 1984, which was 95 days after respondent issued the June 18 FPAA and 88 days after he issued the June 25 FPAA. Petitioner attached only the June 25, 1984, notice of FPAA to each petition.

Respondent filed the motions to dismiss that we consider herein challenging the Court's jurisdiction over these cases on the theory that petitioner, as tax matters partner, failed to file a timely petition in each case. Respondent asserts that the District Director of the Internal Revenue Service, Salt Lake City, issued the FPAA notice to petitioner, as the tax matters partner on June 18, 1984, and that petitioner filed a petition on behalf of each partnership as the tax matters partner. Thus, respondent alleges, to be timely filed the petitions must have been filed on or before September 17, 1984, the 90th day, as extended,[6] after the FPAA notice was mailed pursuant to section 6226(a).

Subsequently, petitioner filed its motion for leave to file an amended petition and to change the caption in each case to include individual limited partners, citing as one reason the new Court rules regarding partnership proceedings, title XXIV, Rules of Practice and Procedure, 82 T.C. 1076, effective January 1, 1984.[7] In opposing respondent's motions to dismiss, petitioner argues that the June 25 notice of FPAA superseded the June 18 notice, that the petitions were filed on behalf of all the partners in the partnerships, that filing the petitions tolled the running of the 60-day period provided in section 6226(b)(1) so that any notice partner may now enter as a named petitioner, and, finally, that petitioner could file the petitions any time within the 150-day period because it is a notice partner as well as the tax matters partner in each partnership.

---

[5]In all material respects other than the amounts disallowed as expenses and amounts added to partnership income, the notices of final partnership administrative adjustment sent to petitioner with respect to each partnership were identical. We will therefore, hereinafter refer to them singly as "the notice of FPAA" or the "FPAA," differentiating them only by date.

[6]The 90th day was Sunday, Sept. 16, 1984. Thus, the filing period was extended to Monday, Sept. 17, 1984. See sec. 7503.

[7]Both petitions were filed prior to Oct. 15, 1984, the date on which the Court promulgated its partnership rules. These are the first cases before the Court involving these new rules.

For the reasons set forth hereinbelow, we hold that petitioner is both a tax matters partner and a notice partner as defined in section 6231(a)(7) and (8), respectively, and thus is qualified to file a petition in the Tax Court within the 90-day period provided in section 6226(a) or within the 60-day period provided in section 6226(b).

In the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97–248, 96 Stat. 324, Congress introduced a system whereby the tax treatment of items of partnership income, loss, deductions, and credits would be determined at the partnership level in a unified partnership proceeding at both the administrative and judicial levels. Under this system, each partner generally must treat a partnership item in a manner consistent with the treatment of that item on the partnership return. Sec. 6222(a). In addition, this Court has jurisdiction to determine the partnership items and the proper allocation of such items among the partners for the partnership taxable year to which the notice of FPAA relates (sec. 6226(f));[8] and all the partners in a partnership are bound by such determination.

To commence judicial review of a FPAA, a timely petition for readjustment of the partnership items must be filed pursuant to section 6226.[9] With 90 days after the Internal Revenue

---

[8]As in a deficiency case, a proceeding in the Tax Court provides a prepayment forum, while a petition may be filed in a Federal District Court or the Claims Court only if the partner filing the petition pays the amount of his allotted share of the increase in tax liability determined in the FPAA.

[9]Sec. 6226(a) and (b) provides:

SEC. 6226(a). PETITION BY TAX MATTERS PARTNER.—Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for readjustment of the partnership items for such taxable year with—

(1) the Tax Court,

(2) the district court of the United States for the district in which the partnership's principal place of business is located, or

(3) the Claims Court.

(b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—

(1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

(2) PRIORITY OF THE TAX COURT ACTION.—If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

(3) PRIORITY OUTSIDE THE TAX COURT.—If more than 1 action is brought under paragraph (1) with respect to any partnership for any taxable year but no such action is brought in the Tax

Service has mailed a notice of FPAA to the tax matters partner, the tax matters partner may file a petition for readjustment of the partnership items in the Tax Court. Sec. 6226(a). The tax matters partner is the general partner designated as such or if there is no designation, the general partner having the largest profits interest in the partnership (sec. 6231(a)(7)). Here, because petitioner is the only general partner in each partnership, it is the tax matters partner in each partnership. Thus, petitioner has 90 days from June 18, 1984, in which to file each petition as a tax matters partner. Sec. 6226(a).

If the tax matters partner does not file a petition within 90 days, "*any* notice partner" may file a petition within 60 days after the close of the 90-day period. Sec. 6226(b). (Emphasis supplied.) Section 6231(a)(8) defines a notice partner as one who is entitled to notice under section 6223(a), that is any partner in a partnership with 100 or fewer partners, and a partner with a 1-percent or greater profits interest in a partnership with more than 100 partners.[10] Petitioner also satisfies the requirements for being a notice partner in both Barbados #6 Ltd., a partnership with fewer than 100 partners, and in Barbados #5 Ltd., which has more than 100 partners. We therefore find as a fact that petitioner is a notice partner in each partnership.

The issue in these cases is whether a timely petition was filed by petitioner. Respondent would have us create two distinct time periods for filing and separate the eligibility of petitioner from other notice partners for filing a petition during the later period. While we agree that the statute creates a two-tiered system for filing, we do not think the TEFRA provisions preclude a notice partner who is also the tax matters partner from filing as a notice partner. As such, we hold that petitioner as a notice partner, timely filed the petitions within the 60-day period provided in section 6226(b)(1).

---

Court, the first such action brought shall go forward.

(4) DISMISSAL OF OTHER ACTIONS.—If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.

(5) TAX MATTERS PARTNER MAY INTERVENE.—The tax matters partner may intervene in any action brought under this subsection.

[10]Respondent concedes that Bajan Services, Inc., satisfies all the requirements for being a notice partner, and in fact sent the corporation notices pursuant to sec. 6223(a).

This result is compelled by section 6226(b)(1) which provides that *any* notice partner may file a petition in the Tax Court within 60 days after the close of the 90-day period in which the tax matters partner may petition the Court. We take this to mean that if the tax matters partner is also a notice partner, then the tax matters partner may also petition the Court as a notice partner within the 60-day period after the expiration of the 90-day period.

We agree with respondent that as the tax matters partner, petitioner failed to timely file a petition since a petition was not filed within the 90-day period. However, respondent overlooks the fact that a notice partner may file a petition within 60 days after the 90-day period has expired in those cases where the tax matters partner fails to file a petition under section 6226(a). Sec. 6226(b)(1). Also, respondent ignores the fact that an entity or an individual may be both a tax matters partner and a notice partner. To follow respondent's reasoning, a notice partner would forfeit his right to file a petition on his own behalf if he was also the tax matters partner. We find no statutory support for such reasoning.

The scheme of the statute is designed to make certain all partners have an opportunity to litigate a dispute with the Internal Revenue Service including a notice partner who may also happen to be the tax matters partner. It is true that since petitioner is the only general partner, the statute provides that it be the tax matters partner. However, we do not conceive that this particular factual situation requires that its rights as a notice partner be forfeited and we do not think the statute intended such a result. Consider the factual situation where the tax matters partner, who also is a notice partner, is precluded from filing a petition by those controlling the partnership. If we follow respondent's reasoning, such individual would be precluded from filing a petition to protect his own rights as a notice partner. In essence, we are simply saying here that petitioner wore two hats—one as the tax matters partner and another as a notice partner. Since a timely petition was not filed by petitioner as the tax matters partner, we see no statutory prohibition which precludes petitioner from proceeding on its own behalf by filing a petition as a notice partner.

In reaching our result, we are mindful that the heading of section 6226(b) reads, "Petition by Partner Other Than Tax Matters Partner." However, we view this section heading as a general description of the context in which the majority of petitions would be filed under section 6226(b). This is so since many tax matters partners may not own the requisite interest to qualify as a notice partner, and in those cases where a tax matters partner also qualifies as a notice partner, the petition would most likely be filed pursuant to section 6226(a).[11] We also have taken cognizance of our own Rules of Practice and Procedure which provide instructions with respect to petitions filed by "a partner other than the tax matters partner." Rules 240(c)(1) and 241(d)(3). However, these rules were promulgated to provide procedural guidance only and were not intended to limit judicial review authorized by section 6226.

The thrust of the statutory scheme is to get the partnership and all interested partners into court in one proceeding so that time and resources will not be wasted in needless, repetitive litigation. Although this scheme allows extra leeway in those situations such as the present one where the tax matters partner is also a notice partner, it insures that the partnership will have its prepayment day in the Tax Court.[12] Allowing a notice partner, who is also the tax matters partner, to file a petition as a notice partner advances the purpose of the statute. We wish to point out, however, that a petition filed under section 6226(b) by the notice partner/tax matters partner would be entitled to no more priority under section 6226(b)(2) and (3) than a petition filed by any other notice partner.

Having drawn a conclusion in favor of petitioner, we hasten to reject most of the contentions petitioner puts forward in support of its position. First, we cannot agree that the June 25 notice of FPAA sent to the notice partners, including petitioner, superseded the June 18 notice of FPAA sent to the tax matters

---

[11]If the section heading cannot be so construed, we nevertheless decline to limit the plain meaning of the text. The title of a statute or heading of a section cannot limit the text of the statute. *United States v. Minker*, 350 U.S. 179, 185 (1956); *Pike v. United States*, 340 F.2d 487, 489 (9th Cir. 1965); cf. *Renstrom v. United States*, 220 F. Supp. 688 (D. Neb. 1963). See sec. 7806(b).

[12]Indeed to hold otherwise would verge on the unconscionable in these circumstances for it would effectively deny any judicial review at the partnership level in these cases since a subsequent petition filed with the United States District Court or Claims Court would not be timely. Sec. 6226(a) and (b).

partner. Although the June 18 notice was sent to Mr. Jensen, it is clear that the notice was intended for him as president of the general (tax matters) partner. The second notice could only have been sent to Bajan Services, Inc., therefore, to meet the notice requirements of section 6223(a)(2) and (d)(2). Also, because the Internal Revenue Service is precluded from sending a second notice of FPAA without a showing of fraud, malfeasance, or misrepresentation of a material fact, it would gut the limitations period if we were to find that the second notice superseded the first.[13]

Nor do we agree with petitioner's argument that, because the Internal Revenue Service sent out the second notice, which contains the exact wording as the first notice, the two notices somehow contradict each other, and only the second notice is operative. Petitioner's reliance on *Pyo v. Commissioner*, 83 T.C. 626 (1984), for this proposition is misplaced. In *Pyo*, the Commissioner mailed a notice of deficiency to the taxpayers at an address shown on their income tax returns for the years at issue. Prior to mailing this notice, however, the same District Director's Office corresponded with the taxpayers at a different address, which was also shown on returns for later years. Dismissing the case for lack of jurisdiction because there was no valid deficiency notice, the Court held that the taxpayers had satisfied their duty to notify the Commissioner of their change of address, and that the Commissioner had not exercised reasonable diligence in ascertaining the taxpayers' last known address.

The situation in the cases before us is completely different from that in *Pyo*. The June 18 notice of FPAA for each partnership was sent to the general partner. The fact that the general partner's attorneys responsible for preparing and mailing the petition in each case inadvertently used the June 25 notice in determining the 90-day period does not nullify the effect of the first notice. The notice clearly states at the top, "Date FPAA Mailed to Tax Matters Partner: June 18, 1984." Moreover, the body of the notice contains the following statement:

---

[13]Sec. 6223(f). The two notices mailed to petitioner were identical albeit one was directed to petitioner as the tax matters partner on June 18, 1984, and the other was directed to petitioner as a notice partner on June 25, 1984. Because of the identical language, it is our opinion that the notice mailed on June 25, 1984, does not constitute a second notice proscribed by sec. 6223(f).

If the Tax Matters Partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice * * * may petition one of the above Courts after the 90th day but on or before the 150th day from the mailing date of the FPAA to the Tax Matters Partner *as shown above.*[14] [Emphasis added.]

Although this notice is not a model of clarity, it in fact alerted petitioner to the importance of the June 18 notice.

Petitioner alleges that the June 25 notice of FPAA explicitly stated that it commenced the 90-day period during which to file a petition in each case. Petitioner cites *Skaneateles Paper Co. v. Commissioner*, 29 B.T.A. 150 (1933), and other cases, to support its argument that it should be able to rely on this statement in the June 25 notice. But *Skaneateles Paper* did not involve the same deficiency notice sent to the same taxpayer in two different capacities; hence, that decision is not pertinent here, and petitioner's contention on this point is rejected. In *Skaneateles Paper*, the Commissioner specifically mentioned in a separate communication to the taxpayer, that it should disregard the provisions of the first notice. Several months later, the Commissioner sent another deficiency notice with a different amount of tax liability for the same years. In the present case, the June 25 notice referred to the June 18 notice in two different places and explained the procedures a notice partner should follow if the tax matters partner failed to file a petition within the 90-day period.

Petitioner also asserts that the filing of the petitions in these cases tolled the 60-day period in which a notice partner could file a petition under section 6226(b)(1). Thus, petitioner argues, any notice partner should be able to come into the case as a named party to cure defects in the originally filed petition. It is true that an amended petition relates back to the time of filing of the original petition. *Derksen v. Commissioner*, 84 T.C. 355, 359 (1985); see also Rule 41(d). It is also true that in certain circumstances we have allowed a third party to file a petition in the Court on behalf of the taxpayer. See, e.g., *Gray v. Commissioner*, 73 T.C. 639 (1980); *Beatty v. Commissioner*, T.C. Memo. 1980–168. These are not cases in which either of

---

[14]We note that the language in this notice stating that "any other partner entitled to receive this notice is incorrect insofar as it purports to prohibit the tax matters partner, also a notice partner, from petitioning the Court during the later, 60-day period.

these issues need be considered, however, because we have found that petitioner filed timely petitions as a notice partner.

Respondent's attorney stated at oral argument on these motions, that he does not object to the petitioner's motions to file amended petitions if the Court finds that the petitions were timely filed and we deem it appropriate.[15] Upon further consideration of these records, we deem it not appropriate to grant petitioner's motions. In our view, the sole purpose in filing the amended petitions would be to add the names of notice partners C. Martin Unterreiner, Kenneth R. Haley, and Marilyn R. Haley in order to cure the original petitions. This is wholly unnecessary since petitioner is before the Court in each case as a notice partner. Moreover, we direct petitioner's attention to section 6226(c) and (d) which provides that each partner that has an interest in the outcome of an action brought under section 6226(a) or (b) shall be treated as a party to the action and be allowed to participate in the action. Pursuant to our Rules, a partner may participate in the action by filing with the Court a notice of election to participate setting forth facts establishing that such partner satisfies the requirements of section 6226(d). Rule 244(b). The notice of election to participate is required to be filed with the Court within 210 days from the date of mailing of the FPAA to the tax matters partner; however, with leave of this Court *upon a showing of sufficient cause*, a notice of election to participate in the proceeding may be filed out of time. Rule 244(b) and (c). Should C. Martin Unterreiner, Kenneth R. Haley, and Marilyn R. Haley or any other notice partner want to participate in these cases, appropriate notices of election that comply with the directives of these Rules should be filed.[16] Petitioner's motions will be denied.

---

[15]This is petitioner's second request to amend its petitions. On Mar. 4, 1985, and Mar. 11, 1985, respectively, this Court granted petitioner's motions, filed Feb. 25, 1985, to amend the petitions herein to conform to Rule 241 by appending a copy of the notice required to be served by the tax matters partner on each partner and a certificate of such service. See Rule 241(d)(2)(ii) and (f)(1).

[16]Of course, any such notice must be accompanied by a motion for leave to file same out of time which sets forth a showing of sufficient cause.

These cases are at issue before the Court, since respondent filed timely answers on December 7, 1984. Rule 38. They shall now be moved forward to trial or other disposition.

*Appropriate orders will be issued.*

Reviewed by the Court.

SIMPSON, GOFFE, WILBUR, CHABOT, NIMS, PARKER, WHITAKER, KÖRNER, SHIELDS, COHEN, SWIFT, JACOBS and WRIGHT, *JJ.*, agree with the majority opinion.

GERBER, *J.*, did not participate in the consideration of this case.

———

STERRETT, *Chief Judge*, dissenting: I respectfully dissent. The majority opinion holds that petitioner-tax matters partner (TMP) filed a timely petition with the Tax Court by acting in the capacity of a notice partner. This holding effectively grants to that person designated as the TMP a 150-day period to petition the Court, rather than the 90-day period set forth in section 6226, I.R.C. 1954.

Subsection (a) of section 6226 provides that, during the 90 days following the mailing of a final partnership administrative adjustment (FPAA), only the TMP may file a petition for readjustment. Subsection (b) of section 6226 provides that, in the event the TMP fails to so act, then within the succeeding 60 days any notice partner or 5-percent group may file a petition. I disagree with the majority's conclusion that the TMP may, alternatively, file a petition pursuant to subsection (b) as a notice partner.

The new partnership audit provisions (secs. 6221–6233), require all partners to treat partnership items consistently with their treatment on the partnership return (sec. 6222(a)), unless the Service receives notice of any inconsistency (sec. 6222(b)). The Service is authorized to conduct its audit at the partnership level (sec. 6223). This unified proceeding is to avoid duplicative efforts and inconsistent treatment by the various partners, particularly in large partnerships whose partners reside in numerous jurisdictions or who file returns based on different taxable years. An integral feature of this

statutory scheme, designed to achieve uniformity, is the designation of one partner as the TMP pursuant to section 6231(a)(7). This case presents the Court's first opportunity to interpret the role of the TMP.

The TMP has a duty to act on behalf of the partnership. See, for examples, secs. 6223(g), 6224(c)(3), 6227(b), 6228(a), 6229(b)(1)(B), and 6230(e). Other members of the partnership may qualify as "notice partners" (sec. 6231(a)(8)), who enjoy certain rights, for example, to receive notices of administrative proceedings (sec. 6223(a)), and who need not be bound by a settlement agreement entered into by the TMP (sec. 6224(c)(3)).

The issue presented is whether the TMP has filed a timely petition under section 6226(b) as a notice partner. I would conclude, contrary to the majority, that the partner who is afforded the duties and responsibilities of the TMP cannot, alternatively, act in the capacity of a notice partner for other purposes of the partnership audit. The legislative history of section 6226 refers to notice partners as separate and distinct from the TMP. The Conference Committee report states:

> If the TMP does not file a petition, any notice partner or 5-percent group with an interest in the outcome may within 60 days following such 90-day period, file a petition with any of the courts in which the TMP may file a petition. * * * [H. Rept. 97–760, (Conf.) (1982), 1982–2 C.B. 600, 664.]

The TMP is reserved the right to intervene in any action commenced under this subsection (b) (sec. 6226(b)(5)); as the Conference report states, "The TMP may intervene in an action brought by another partner." H. Rept. 97–760, *supra.*

The majority opinion notes that the heading of section 6226(b) refers to a "Petition by Partner Other Than Tax Matters Partner." This need not be interpreted as "a general description of the context in which the majority of petitions would be filed under section 6226(b)," as the majority contends (p. 906), but rather as the statutory scheme devised by Congress; only the TMP may file a petition pursuant to section 6226(a), and only notice partners and 5-percent groups may file a petition pursuant to section 6226(b). Congress did not provide that subsection (b) applies to the TMP as well. For comparison, section 6226(g) provides, "With respect to the partnership, only the tax matters partner, a notice partner, or a 5-percent group may seek review of a determination by a

court under this section." Also, section 6228(a)(6) provides, "With respect to the partnership, only the tax matters partner, a notice partner, or a 5-percent group may seek review of a determination by a court under this subsection." The majority opinion also notes that the Tax Court's own Rules of Practice and Procedure distinguish between a petition filed "by the tax matters partner within the period specified in Code Section 6226(a)," as compared to a petition filed "by a partner other than the tax matters partner subject to the conditions and within the period specified in Code Section 6226(b)." Rule 240(c)(1)(ii). Each partner is entitled to only one notice of the final partnership administrative adjustment, absent fraud, malfeasance, or misrepresentation of fact (sec. 6223(f)); petitioner is not entitled to receive one notice as the TMP and a second notice in the "capacity of a notice partner."

The majority opinion states that the statutory scheme is designed to ensure all partners the opportunity to litigate a dispute with the Service (p. 906). However, these audit provisions are designed to litigate disputes involving partnership items by a single audit, in a unified partnership proceeding, since all partners must report partnership items consistently with the partnership return. When a petition is filed by the TMP pursuant to section 6226(a), or by a notice partner pursuant to section 6226(b), all partners with an interest in the outcome are deemed to be parties to the action (sec. 6226(c) and (d)), just as all partners have the right to participate in any administrative proceeding (sec. 6224(a)). The statute encourages the TMP to act on behalf of the partnership by providing the initial 90-day period in which only the TMP may commence its action. So as not to impair the rights of the other partners, an additional 60 days is provided to commence an action should the TMP fail to file a petition in the first instance.

The majority opinion expresses great concern over a hypothetical situation in which the TMP is precluded from filing a petition and therefore is unable to protect its own interest as a partner. There are no facts in this case which indicate that the TMP's rights have been so impaired, or that petitioner was unable to file its petition during the initial 90 days. Given that a Federal statute provides the authority to the TMP to petition the Court, it appears unlikely that this statute would be superseded by a State law or partnership agreement provision

to the contrary. If petitioner had intended to treat a partner-ship item differently on his own return from its treatment on the partnership return, he could have done so and notified the Service of this treatment under section 6222(b).

Petitioner-TMP failed to file its petition within 90 days after the mailing of the FPAA. Since a timely petition was not filed, the Court lacks jurisdiction and respondent's motion to dismiss should be granted.

HAMBLEN and CLAPP, *JJ.*, agree with this dissent.

---

HAMBLEN, *Judge*, dissenting: I also respectfully dissent as I thoroughly agree with the dissent of Chief Judge Sterrett. The majority opinion holds that a tax matters partner (TMP) who fails to timely file a petition within the 90-day provision of section 6226(a), may timely file a petition with the Tax Court as a notice partner within the 60-day provision of section 6226(b). The majority result operates to extend the filing period provisions of section 6226 to 150 days as to the designated TMP. Thus, the majority here holds that a TMP who intended to file a petition within the 90-day provision of section 6226(a) and so designates such petition as filed by the TMP, but inadvertently failed to timely file such petition within the 90-day provision of 6226(a), may cure the ills of such inadvertence merely by redesignating the petitioner status as that of a notice partner within the 60-day provisions of section 6226(b). My view is that Congress intended to preclude a TMP from such dual status for purposes of filing a petition under section 6226.

My conclusion is founded upon a commonsense approach of statutory interpretation under section 6226. The heading of section 6226(b) refers to a "Petition by Partner Other Than Tax Matters Partner." The majority correctly states that the title of a statute or a heading of a section cannot limit the text of a statute. While this statement is correct, titles and headings may be of aid in resolving an ambiguity within the statutory text. See 1 J. Mertens, Law of Federal Income Taxation, sec. 3.19, at 32 (1981 rev.) Here, the statute is somewhat ambiguous as section 6226(b)(1) refers to any notice partner, however, section 6226(b)(5) further provides that the TMP may intervene in any action filed by a notice partner. In

my view, the intent of Congress was to preclude dual partner status under section 6226(a) and (b) for purposes of petition for judicial review, as is evident within the purview of section 6226(b)(5), where Congress provided the TMP a right to intervene in any action commenced by a notice partner under section 6226(b). I cannot reconcile the logical sequence of these provisions with the opinion adopted by the majority, and I simply cannot believe Congress would engage in such an extensive exercise in semantics, considering section 6226 in its entirety, simply to provide a TMP 150 days to file a petition here while limiting notice partners to 60 days.

STERRETT, *C.J.*, agrees with this dissent.