ROBERT J. URWYLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urwyler v. Commissioner
Docket No. 5688-89
United States Tax Court
T.C. Memo 1990-188; 1990 Tax Ct. Memo LEXIS 207; 59 T.C.M. (CCH) 376; T.C.M. (RIA) 90188; April 10, 1990
Christopher J. Croudace, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge *208 : This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1954, as amended, and Rule 180 et seq. [1]
In separate notices of deficiency for each taxable year dated January 19, 1989, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1982
$ 4,354.00
$ 1,088.50
$ 217.70
*
$ 423.82
1983
4,301.00
1,075.25
215.05
**
263.31
1984
2,289.00
572.25
114.45
***
143.91
The adjustments in the notices of deficiency resulted from (1) petitioner's failure to report on timely filed returns income received from John Urwyler in the *209 respective amounts of $ 20,356, $ 21,418, and $ 15,543, for the years 1982, 1983, and 1984; and (2) the additions to tax disclosed above. Petitioner was a resident of Modesto, California, when his petition herein was filed on March 23, 1989. The petition consists of four pages of tax protester allegations in which petitioner generally contends that he is a resident and citizen of the "Republic of California" and therefore not subject to the jurisdiction of the United States and its income tax laws as encompassed in the Internal Revenue Code. This Court has held in many cases that pleadings containing similar contentions of a taxpayer mandate a dismissal of the taxpayer's case for failure to state a claim upon which relief can be granted under the rules of this Court. Derksen v. Commissioner, 84 T.C. 355, 356, 359-360 (1985). See also Masters v. Commissioner, T.C. Memo. 1989-212. In such cases, this Court has also awarded the United States damages (now called a penalty) under section 6673 in the maximum amount of $ 5,000 on the ground that the taxpayer's position maintained in the proceedings was frivolous or groundless and/or maintained primarily *210 for delay. Derksen v. Commissioner, supra at 361; Masters v. Commissioner, supra.
In this case, respondent filed an answer on May 11, 1989, in which he denied petitioner's allegations and contended the allegations were frivolous or groundless, as support for his claim of $ 5,000 damages (penalty) under section 6673. In Petitioner's Response To Respondent's Answer filed June 8, 1989, petitioner formulated the following reply to respondent's affirmative allegations: 7. Petitioner denies Respondent's claim for damages pursuant to I.R.C. section 6673. Petitioner's proceedings before the Tax Court were not instituted for delay, but are based on the clear and well delineated mandate of Congress of the United States. The general provisions of our discovery rules are set forth in Rule 70(a), which provides in part: (2) Time For Discovery. Discovery shall not be commenced, without leave of Court, before the expiration of 30 days after joinder of issue (see Rule 38), * * *. Rule 38 provides that a case shall be deemed at issue upon the filing of the answer, unless a reply is required. Here, joinder of issue took place when *211 petitioner responded to the answer on June 8, 1989. On July 13, 1989, petitioner mailed Petitioner's First Interrogatories To Respondent pursuant to Rule 71, which contained nine pages and 34 questions. The interrogatories relate to the frivolous protester-type allegations in the petition rather than to the issues determined in the notice of deficiency. On August 15, 1989, the Court sent petitioner a notice setting the instant case for trial at the trial session beginning on October 30, 1989, in San Francisco, California. That notice contained the following provisions: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can *212 be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. If there are a number of cases to be tried, the Court will fix the time of each trial at the end of the calendar call. The Court makes every effort to suit the convenience of the petitioners in fixing trial times, but because of conflicting requests received from petitioners, the final determination of trial times must rest in the Court's discretion. On August 25, 1989, respondent filed a Motion For A Protective Order to which he attached a copy of petitioner's first interrogatories mailed to him by petitioner on July 13, 1989. Respondent alleged that petitioner's formal discovery was improper because the parties had not yet consulted and communicated informally as required by Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). On August 28, 1989, the Clerk received a document from petitioner which was filed on that date as petitioner's motion for continuance. This document reads as follows: The Petitioner objects to a trial date being set at this time, and hereby declares that this case will not be ready for trial *213 by the Trial Session beginning October 30, 1989. The Petitioner is in the process of Discovery according to the Rules of Practice and Procedure United States Tax Court. If the Court proceeds with the trial during the Trial Session beginning October 30, 1989, the Petitioner will be denied his right to effective Discovery. The Petitioner would like to remind the Court that, "Any party may, without leave of Court, serve upon any other party written interrogatories to be answered by the party served . . .," Rule 71(a). The Petitioner cannot at this time anticipate a trial date due to the fact that the Respondent has not yet answered Petitioner's first interrogatories. Depending upon the Respondent's answers, Discovery may continue for several months. It has been the Petitioner's past experience that the Respondent has never been a willing participant in the Discovery process. The Petitioner will duly notify the Court when Discovery has been completed. By order dated August 31, 1989, and served on petitioner September 1, 1989, the Court granted respondent's motion for a protective order pursuant to Rule 103(a)(3) and denied petitioner's motion for continuance. In its order dated *214 August 31, 1989, the Court further ordered: that in the event that the parties cannot reach a mutually satisfactory basis of settlement of the issues in this case after making reasonable efforts to do so, said parties are to prepare for trial in accordance with the Court's instructions mailed to the parties along with the Notice Setting Case For Trial on August 15, 1989, giving particular attention to the following paragraphs: STIPULATION: If the case cannot be settled, at least the parties should agree in writing, to the fullest extent possible, to all material facts and documents that are not, or fairly should not be, in dispute. Deliberate failure or refusal to stipulate such facts and documents may result in a finding against the offending party. CONTINUANCES: Postponement of cases set on a trial calendar will normally not be granted; only the most unusual and compelling circumstances immediately communicated to the Court will justify any exception. On September 1, 1989, petitioner mailed the following documents to the Court: (1) petitioner's Motion To Compel Answers to Interrogatories; and (2) petitioner's Opposition To Respondent's Motion For A Protective Order, *215 which was filed by the Clerk of the Court as petitioner's Motion To Vacate Court's August 31, 1989 Order. These motions were denied by the Court on September 7, 1989. On September 11, 1989, counsel for respondent attempted to secure petitioner's cooperation in preparing the case for trial by entering into a stipulation of facts. Petitioner refused to cooperate. On October 16, 1989, respondent filed a motion for damages (penalty) pursuant to section 6673, which was calendared for hearing at the calendar call of this case on October 30, 1989. Prior to the calendar call, respondent express-mailed to petitioner on October 27, 1989, a proposed stipulation of facts with copies of exhibits. Respondent called petitioner's attention to the stipulation provisions of the Court's above-referred August 31, 1989, order. Petitioner was advised that if he failed to stipulate facts, respondent would move to dismiss petitioner's case for failure to properly prosecute as well as seek damages (penalty) under section 6673. On October 30, 1989, this case was regularly called for trial. There was no appearance by or on behalf of petitioner. The Court ordered counsel for respondent to write petitioner *216 with respect to his failure to appear and to inform petitioner that his case would be recalled for trial at 10:00 a.m. on November 2, 1989. On October 31, 1989, pursuant to the Court's order, counsel for respondent mailed a letter to petitioner by express mail, advising petitioner that his failure to appear on the date and at the time scheduled for trial would result in a motion by respondent to dismiss petitioner's case for lack of prosecution. Petitioner did not reply to respondent's letter. On November 2, 1989, this case was recalled for trial. Again, there was no appearance by or on behalf of petitioner. Respondent's attorney then filed a Motion To Dismiss For Failure To Properly Prosecute and renewed his October 16, 1989, motion for damages (penalty) pursuant to section 6673. Respondent's motions to dismiss for failure to properly prosecute and for damages (penalty) were taken under advisement. With respect to respondent's motion to dismiss, Rules 123(b) and 149(a) provide as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the *217 Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * Rule 149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. Dismissal of a case is a sanction resting in the discretion of the trial court. Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967); Levy v. Commissioner, 87 T.C. 794, 803 (1986). See also Cassuto v. Commissioner, T.C. Memo. 1989-62. Since the record discloses that petitioner did not appear at Court on October 30, 1989, and November 2, 1989, when his case was called for trial and refused all attempts by respondent to prepare the case for trial, respondent's motion to dismiss as to both the deficiencies and additions to tax *218 determined under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a), will be granted. We now consider respondent's motion for $ 5,000 damages (penalty) pursuant to section 6673. This Court has repeatedly awarded damages (penalty) under section 6673 in cases which have been dismissed under Rule 123(b) due to a taxpayer's failure to properly prosecute his case. See Masters v. Commissioner, T.C. Memo. 1985-116, affd. by unpublished opinion 791 F.2d 937 (9th Cir. 1986); see also Meade v. Commissioner, T.C. Memo. 1988-473. Section 6673, as applicable to proceedings commenced after October 22, 1986, provides, in part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Moreover, as to positions taken after December 31, 1989, in proceedings which are pending on *219 or commenced after such date, section 6673(a)(1) as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2400, provides that "the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000." The House Budget Committee Report, H. Rept. 101-247 explains the reasoning with respect to the increased amounts this Court may award the United States under the provisions of section 6673, as follows: Sanctions and costs awarded by courts. -- The bill authorizes the Tax Court to impose a penalty not to exceed $ 25,000 if a taxpayer (1) institutes or maintains a proceeding primarily for delay, (2) takes a position that is frivolous, or (3) unreasonably fails to pursue available administrative remedies. The committee intends that the increased penalty (above $ 5,000) apply primarily (but not exclusively) to tax shelter cases, where the $ 5,000 maximum provided under present law appears to be ineffective in deterring taxpayers from taking frivolous positions. [Emphasis added.] The committee has explicitly chosen to call these awards "penalties," rather than "damages" (as under present *220 law), so that it is clear that specific damages incurred by the United States need not be proved before the court may impose this penalty. The committee believes that dealing with these frivolous lawsuits wastes scarce judicial resources and delays the resolution of legitimate disputes. The committee expects that its modifications to this provision will further decrease frivolous lawsuits. The committee also intends to monitor the use of this penalty to ensure that it continues to be used, as it has in the past, only in situations in which its use is appropriate. The committee has also called these awards "penalties" rather than "damages" in the parallel provisions applicable to other courts. * * * [H. Rept. 101-247, at 1399-1400 (1989)] We believe that this record merits a penalty award in excess of $ 5,000. The entire record discloses that (1) petitioner has instituted and maintained this action primarily for delay, (2) the position he has taken in this action is frivolous, and (3) petitioner has unreasonably failed and refused to pursue available administrative remedies in proceeding with his action. Petitioner was advised as early as respondent's answer that he could *221 be liable for a penalty award for maintaining a frivolous position in his lawsuit before this Court. This admonishment did not deter petitioner. He replied to respondent's answer claiming the proceedings before this Court were based on "the clear and well delineated mandate of Congress of the United States." Petitioner was well aware of the time limitations of this Court's rules in his pursuit of discovery. He commenced discovery 5 days after the earliest time permissible under Court rules (see Rule 70(a)(2)) but ignored rules requiring conditions to be met before the commencement of discovery. Respondent was required to move for a protective order to avoid the burden of replying to nine pages of irrelevant protester-type interrogatories. The Court granted respondent's protective order request. [2]
*222 It appears to us from the sophisticated manner in which petitioner framed his protester allegations and interrogatories, his refusal to reply to respondent's attempts to consult and prepare his case for trial, his disregard of the Court's order concerning trial preparation and his refusal to appear at trial, that petitioner intended to abuse the Tax Court rules for the sole purpose of delaying the final disposition of his case in this Court and postpone the day he would be faced with a billing for income taxes and additions due. In early September 1989, petitioner was apparently convinced that the Court would not permit unwarranted delay of his action. He became strangely silent and had no further contact with the Court or respondent during the remaining two months before his case was called for trial. Since the maximum amount of an award to the United States under the old law has not deterred petitioner from continuing to maintain his frivolous action, we require petitioner to pay to the United States a penalty in the amount of $ 7,000 pursuant to section 6673(a)(1). An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 4,354.00. ↩
**. 50% of the interest due on $ 4,301.00. ↩
***. 50% of the interest due on $ 2,289.00.↩
2. In commenting on a taxpayer's claim for relief from a similar protective order, the Court of Appeals for the Ninth Circuit commented "Moore and Wade did not seek information through informal consultation; they then submitted burdensome interrogatories. The Tax Court was within its discretion to grant a protective order against discovery. * * *. * * * we publish this opinion in part to warn future appellants that the arguments we have rejected here have no place in this court." Roat et al. v. Commissioner, 847 F.2d 1379, 1383, 1384↩ (9th Cir. 1988).