SHIRLEY GRAY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6483–79.    Filed January 7, 1980.

---

[8]Sec. 1.509 (a)–4(i)(3)(iii)(b), Income Tax Regs.

*Frederick S. Prince, Jr., J. Gordon Hansen, John M. Bradley,* and *John S. Chindlund,* for the petitioner.

*Thomas N. Thompson,* for the respondent.

## OPINION

SCOTT, *Judge:* On May 18, 1979, petitioner filed a petition in the above-entitled case in which she alleged that her legal residence was 1349 Princeton Avenue, Salt Lake City, Utah 84105. To this petition was attached a copy of a notice of deficiency dated April 13, 1979, addressed to petitioner at 329 South 12th East, Salt Lake City, Utah 84102. The petition was filed in the name of Dean Gray and Shirley Gray and was executed as follows:

> PRINCE, YEATES & GELDZAHLER
> By Frederick S. Prince, Jr.
> By J. Gordon Hansen
> By John M. Bradley
>
> Attorneys for petitioners

Messrs. Prince, Hansen, and Bradley are attorneys admitted to practice before this Court.

On July 20, 1979, respondent filed a motion to dismiss the petition for lack of jurisdiction, alleging with respect to petitioner Shirley Gray that an attorney in his office had received oral information from one of the attorneys signing the petition that the firm did not represent petitioner Shirley Gray. On this basis, respondent alleged that the petition herein was not filed by the taxpayer to whom the notice of deficiency was sent and that no showing had been made that the persons filing the petition were

legally entitled to institute a proceeding on behalf of the taxpayer to whom the notice was sent.[1]

On August 27, 1979, petitioner Shirley Gray filed a motion to dismiss this case on the ground that respondent failed to send an adequate notice of deficiency to petitioner Shirley Gray at her last known address and, alternatively, objected to respondent's motion to dismiss the petition as to Shirley Gray. Attached to petitioner's motion were several affidavits and exhibits. Respondent, on October 1, 1979, filed a notice of objection to petitioner's motion to dismiss the above-entitled case, to which he attached several affidavits and exhibits. Argument on respondent's motion to dismiss and petitioner's motion to dismiss was held in Ogden, Utah, on October 1, 1979.

At the oral argument, it was agreed by counsel for the parties that the Court could accept the facts set forth in the affidavits and exhibits attached to petitioner's motion and to respondent's objection thereto as proved in this case. Therefore, the issues presented to the Court are whether the petition in this case was properly filed on behalf of petitioner Shirley Gray, and whether the notice of deficiency was mailed to petitioner at her last known address.

The facts here show that on April 12, 1979, respondent mailed by certified mail to petitioner a statutory notice of deficiency for the taxable year 1975 addressed to her at 1349 Princeton Avenue, Salt Lake City, Utah 84105. This notice of deficiency was not returned to respondent. On April 13, 1979, respondent mailed to petitioner by certified mail a duplicate statutory notice of deficiency for the taxable year 1975 addressed to her at 329 South 12th East, Salt Lake City, Utah 84102. This notice of deficiency was not returned to respondent. Both notices were mailed with a return receipt requested. Respondent's file contains the return receipt for the notice mailed to petitioner on April 13, 1979, but not the return receipt for the notice mailed on April 12, 1979.

Some time prior to March 22, 1979, a revenue agent in respondent's Salt Lake City, Utah, office had been assigned the

---

[1]The petition as filed was entitled "Dean Gray and Shirley Gray." The motion filed by respondent on July 20, 1979, also sought dismissal as to Dean Gray on the ground that the notice of deficiency was addressed only to the former wife of Dean Gray, Shirley Gray. Petitioners made no objection to the granting of the motion to dismiss as to Dean Gray, and this motion was granted by order dated Aug. 30, 1979. By that order, the caption of the case was amended to read "Shirley Gray, Petitioner v. Commissioner of Internal Revenue, Respondent."

audit of a partnership, CFC–75, doing business as the Vineyard Apartments. Dean Gray is one of the partners in that partnership. On March 22, 1979, the audit of the CFC–75, Vineyard Apartments, partnership had not been completed, and respondent's agent sought to obtain an extension of the statute of limitations on assessment of tax for the calendar year 1975 from Dean and Shirley Gray. Department of Treasury Form 872, "Consent Fixing Period of Limitation Upon Assessment of Tax," addressed "Dean W. and Shirely R. Gray, 1571 East Tomahawk Drive, Salt Lake City, UT 84103," was signed by Dean Gray on March 22, 1979, on the line designated "Your signature here." In the space designated for "Spouse's signature" on the consent form, the following appeared: "Divorced—she lives out of state." The consent form (872) was received in the Office of the District Director, Salt Lake City, Utah, on March 23, 1979, and, on that date, duly executed on behalf of respondent. At the time the revenue agent solicited the consent extending the statute of limitations for the year 1975 from Dean Gray, he was unaware that Dean Gray and petitioner were divorced. On April 13, 1979, the audit of the CFC–75, Vineyard Apartments, partnership had not been completed.

On November 10, 1977, petitioner filed in the District Court of Salt Lake County, Utah, a complaint against Dean W. Gray seeking a divorce. On April 11, 1978, the District Court of the Third Judicial District for Salt Lake County, State of Utah, entered a decree of divorce, granting petitioner a divorce from Dean W. Gray. Paragraph 15 of this decree provided:

15. All liabilities on joint income tax returns are ordered to be borne by defendant [Dean W. Gray], who will indemnify and hold the plaintiff [Shirley R. Gray] harmless from any claims or expenses arising out of such returns. Any refunds due on such returns shall belong to the defendant.

So long as permitted by statute, the plaintiff and defendant are ordered for the year 1977 and prior years to file joint declarations of estimated tax and joint income tax returns. * * *

On or before April 15, 1976, Dean W. Gray and petitioner mailed a joint Federal income tax return for the year ending December 31, 1975, to the Internal Revenue Service Center in Ogden, Utah. This return listed 1349 Princeton Avenue, Salt Lake City, Utah 84105, as the address of Dean and Shirley Gray. In December 1976, Dean and Shirley Gray moved from 1349 Princeton Avenue to 1571 East Tomahawk Drive, Salt Lake

City, Utah. On or about April 15, 1977, Dean and Shirley Gray filed a joint Federal income tax return for the calendar year 1976 with the Internal Revenue Sevice Center in Ogden, Utah. On their 1976 Federal tax return, they listed 1571 East Tomahawk Drive as their address. In November 1977, Dean Gray moved to 329 South 12th East, Salt Lake City, Utah, and has resided there since that date. Petitioner never resided at 329 South 12th East, Salt Lake City, Utah. She continued to reside at 1571 East Tomahawk Drive until October 1978.

From October 1978 to the time of the hearing in this case, petitioner resided at 44.26 Holly Lane, N.W., Gig Harbor, Wash. In January 1979, Shirley Gray mailed an individual quarterly estimated income tax return, together with a check, to the Internal Revenue Service Center in Ogden, Utah. Both the check and the estimated tax return listed 4426 Holly Lane, N.W., Gig Harbor, Wash. 98235, as petitioner's address. On May 28, 1979, petitioner received a notice of correction of arithmetic from the Internal Revenue Service Center, Ogden, Utah, addressed to her at 4426 Holly Lane, N.W., Gig Harbor, Wash. Petitioner has never executed a waiver of a statute of limitations for the assessment of Federal income tax with respect to the year ending December 31, 1975.

On or about April 14 or 16, 1979, Dean Gray received the notice of deficiency dated April 13, 1979, addressed to Shirley Gray at 329 South 12th East, Salt Lake City, Utah 84102. On April 16, 1979, Dean Gray telephoned an officer of Clark Financial Corp. (CFC) and informed him of having received this notice of deficiency. At the instruction of this officer of CFC, Dean Gray mailed the notice of deficiency to him. At the time Dean Gray sent the notice of deficiency to the officer of CFC, there had been no alteration in the address of the notice of deficiency, which was addressed "Ms. Shirley R. Gray." Dean Gray never notified Shirley Gray that he had received the notice of deficiency. CFC received the copy of the notice of deficiency mailed to it by Dean Gray on or about April 19, 1979. On the same day, the officer of CFC with whom Dean Gray spoke received the copy of the notice of deficiency dated April 13, 1979, addressed to Shirley Gray. He telephoned John M. Bradley and informed him that he had received the notice. The notice received by the officer of CFC had interlineated in the address the word "Shirley" and the word "Dean" written in handwriting

above the interlineation. On April 19, the officer of CFC mailed a copy of the notice of deficiency dated April 13, 1979, to John M. Bradley. Mr. Bradley is a partner in the law firm of Prince, Yeates & Geldzahler. CFC is a client of Prince, Yeates & Geldzahler. On April 23, 1979, Mr. Bradley received from CFC the copy of the notice of deficiency dated April 13, 1979, which had been mailed to him by the officer of CFC. Dean Gray is a client of CFC and is a limited partner in the CFC–75, Vineyard Apartments, partnership. Mr. Bradley's firm had been retained by CFC to represent the limited partners of CFC–75, d.b.a. the Vineyard Apartments. The copy of the notice received by Mr. Bradley had interlineated the word "Shirley" and the word "Dean" written above. Mr. Bradley does not know who interlineated the word "Shirley" and wrote the word "Dean" on the notice of deficiency. Mr. Bradley concluded, upon looking at the notice of deficiency, that the notice was a joint notice of deficiency to Dean and Shirley Gray. He therefore, on or about May 14, 1979, prepared a petition on behalf of Dean and Shirley Gray, seeking a redetermination of the deficiency determined in the notice of deficiency dated April 13, 1979, which petition was filed with this Court on May 18, 1979. On or about July 9, 1979, Mr. Bradley was called on the telephone by an attorney in the Office of the District Counsel, Internal Revenue Service in Salt Lake City. This attorney stated to Mr. Bradley that no deficiency notice had been sent to Dean Gray, and the only notice of deficiency sent was addressed to Shirley Gray. In response to the statement made by the attorney with the Office of District Counsel, Internal Revenue Service, Mr. Bradley informed the attorney that he was not sure whether his firm represented Shirley Gray, individually. Thereafter, Mr. Bradley attempted to contact Shirley Gray. On July 13, 1979, he finally reached Shirley Gray by telephone and related to her the facts with respect to the notice of deficiency, the filing of the petition, and his conversation with the attorney for respondent. During this conversation, Shirley Gray advised Mr. Bradley that she had no knowledge of the notice of deficiency and had not received the notice.

Shirley Gray personally has never received any notice of deficiency relating to the year ending December 31, 1975. On July 13, 1979, she told Mr. Bradley that in the event it was necessary for her to file a petition, she ratified the filing of a

petition on her behalf and wished him to represent her in the matter.

It is petitioner's position that no notice of deficiency was sent to her last known address, and therefore, neither of the notices mailed by respondent complies with the requirements of section 6212, I.R.C. 1954.[2]

Section 6212(a) provides that if respondent determines that there is a deficiency in a taxpayer's income tax, he is authorized to send a notice of deficiency by certified or registered mail. This Court and other courts have recognized that the notice is a valid notice of deficiency if it is sent to a taxpayer at his last known address, even though the taxpayer does not receive the notice. *McCormick v. Commissioner*, 55 T.C. 138 (1970); *Delman v. Commissioner*, 384 F.2d 929, 933 (3d Cir. 1967), affg. a Memorandum Opinion of this Court; *De Welles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967).

As pointed out in *Reddock v. Commissioner*, 72 T.C. 21, 25 (1979), the purpose of the statutory requirement for issuing the deficiency notice is to inform the taxpayer of the proposed additional tax and provide him with the opportunity to file a petition in this Court prior to his being required to make the payment. Therefore, even if the notice of deficiency is mailed to an incorrect address, it may be valid if it is actually received by the taxpayer in time to enable him to file a timely petition in this Court. In the instant case, the notice mailed April 12, 1979, was timely, as was the duplicate notice mailed April 13, 1979. It is

---

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

Sec. 6212 provides as follows:

SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) JOINT INCOME TAX RETURN.—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

also completely clear that although neither notice was actually received by petitioner Shirley Gray, the notice mailed April 13, 1979, was received by her former husband who had agreed to pay any income tax deficiency arising from the joint return filed for 1975, and that a timely petition was filed from the notice. The timely sent notice that was received by Dean Gray and from which the petition of Shirley Gray was filed, concededly was not sent to Shirley Gray's last known address.[3] However under the holding in a number of cases, this notice is a valid notice if the petition is a valid petition. *Lifter v. Commissioner*, 59 T.C. 818 (1973); *Robinson v. Commissioner*, 57 T.C. 735 (1972).

In the instant case, respondent filed a motion to dismiss the petition as to Shirley Gray on the ground that "No showing has been made that the persons filing the petition herein are legally entitled to institute a proceeding on behalf of the taxpayer to whom the said notice of deficiency was sent."

In our view, respondent's motion to dismiss for lack of jurisdiction as to petitioner Shirley Gray is not well taken. Rule 20(a), Tax Court Rules of Practice and Procedure, provides that a case is commenced in the Court by filing a petition. Rule 23(a)(3) provides that—

The signature, either of the party or his counsel, shall be subscribed in writing to the original of every paper filed by or for that party with the Court, except as otherwise provided by these Rules. * * *

Clearly, under this rule, an attorney may subscribe to the petition filed on behalf of an individual. Each of the attorneys subscribing to the petition in this case is admitted to practice before this Court. It has long been recognized that "the presumption is that an attorney at law who appears in regular manner on behalf of a party litigant has authority to do so; and one who would successfully challenge his authority must present substantial proof in the form of countervailing evidence that authority is lacking, in order to justify, on that ground, an order to strike a pleading from the files." (Fn. refs. omitted.) *Booth v.*

---

[3]The record indicates that respondent's agent who sent the duplicate notice on Apr. 13, 1979, was completely aware that the address to which it was sent was Dean Gray's address and not Shirley Gray's address. The inference from the record is that this notice was sent to Dean Gray's address, since there was a statement on the waiver stating that Shirley Gray "lives out of state." There was no indication as to whether she was temporarily or permanently "out of state" or what her "out of state" address might be. Apparently, the agent of respondent who sent the duplicate notice was concerned about Shirley Gray's timely receipt of a notice sent to the address shown on her 1975 income tax return.

*Fletcher,* 101 F.2d 676, 683 (D.C. Cir. 1938); *United States v. Insurance Co. of North America,* 143 F.2d 53, 56 (4th Cir. 1944). This principle was stated by the Supreme Court in *Osborn v. United States Bank,* 22 U.S. (9 Wheat.) 738, 830 (1834), as follows:

Certain gentlemen, first licensed by government, are admitted by order of court, to stand at the bar, with a general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause, has always been received as evidence of his authority; and no additional evidence, so far as we are informed, has ever been required. This practice, we believe, has existed from the first establishment of our courts, and no departure from it has been made in those of any state, or of the Union.

It is to be noted that while respondent's motion alleges that his counsel was orally informed by one of the attorneys of record for petitioner Shirley Gray "that his firm does not represent petitioner Shirley Gray," the affidavit of the attorney referred to is contrary to this statement. This affidavit, which respondent stipulated the Court might receive in this case for the truth of the facts stated therein, shows that petitioner's attorney, John M. Bradley, received a telephone call from respondent's attorney, Thomas N. Thompson, informing him that no deficiency notice had been sent to Dean Gray, and the only notice of deficiency sent was solely to Shirley Gray. The affidavit states that "in response to the foregoing statements of Thompson, he [Mr. Bradley] informed Thompson that he was unsure as to whether or not the firm represented Shirley Gray individually." The affidavit further states that Mr. Bradley contacted Shirley Gray by telephone on July 13, and that Shirley Gray advised him that she wished to have the firm represent her and, if necessary, file a petition on her behalf.

The affidavit of Shirley Gray at no point states that the attorneys signing the petition on her behalf did not have authority to do so at the time the petition was filed, but does state that "upon being notified of the filing of the aforementioned petition, she informed John Bradley that in the event it was necessary for her to file a petition, she ratified the filing of the petition on her behalf and she wished to have him represent her in the matter." The attorney signing the petition in this case represented the partners in the CFC–75, Vineyard Apartments. Dean Gray was a partner in that partnership during the time he and Shirley Gray were married and filed joint returns. The

decree of divorce of Shirley and Dean Gray provided that Dean Gray was liable for any deficiencies in income tax with respect to joint returns filed by Dean and Shirley Gray. The entire set of circumstances here indicates that the attorneys subscribing to the petition in this case on behalf of Shirley Gray had the authority to act for her with respect to her joint liability for income tax with Dean Gray arising from the filing of a joint return for 1975.

Clearly, respondent has in no way carried the burden that would be upon him to show that the attorneys who filed the petition on behalf of Shirley Gray, all of whom are members of the bar of this Court, did not have the authority to file a petition on her behalf and represent her on May 18, 1979, when the petition in this case was filed.

Even if any such showing had been made by respondent, under Rule 60(a), Tax Court Rules of Practice and Procedure, the petition should not be dismissed as not having been brought by a proper party. Rule 60(a) provides in part:

A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as ·if the case had been properly brought by such party. * * *

Here, if respondent had shown that some question existed as to the authority of the attorneys subscribing to the petition filed on behalf of Shirley Gray to represent her at the time the petition was filed, her ratification of the filing of the petition immediately upon a question of the authority of her attorneys to bring the action being raised by respondent had the same effect as if the case had been properly brought by her. See *Brooks v. Commissioner*, 63 T.C. 709, 714–715 (1975); *Holt v. Commissioner*, 67 T.C. 829, 832 (1977).

In our view, respondent's motion to dismiss as to Shirley Gray is not well taken, and it will be denied.

Since a timely petition was filed on behalf of Shirley Gray, we conclude that even if the notice of deficiency was not sent to her last known address, it is a valid notice, since it was timely sent and has served the purpose of permitting Shirley Gray to appeal to this Court.

However, this Court has held in numerous cases that where a taxpayer has not directed respondent to an address different

from that shown on the return for the year for which the deficiency is determined, his last known address is the address shown on the return for the year involved. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), and cases there cited, affd. in an unpublished opinion 538 F.2d 334 (9th Cir. 1976); *McCormick v. Commissioner*, 55 T.C. 138, 141–142 (1970). This record is clear that petitioner Shirley Gray never notified respondent of any change in her address other than by statements contained on later filed returns. This is not sufficient notice of a change in address. *Budlong v. Commissioner*, 58 T.C. 850 (1972). At the time respondent mailed the notice of deficiency, he had some indication that petitioner might not be living at the address shown on her tax return for the year 1975, but he had no information as to where she was in fact living. Under these circumstances, respondent was justified in mailing the notice of deficiency to the address shown on petitioner's 1975 return. Petitioner argues that respondent might have used the address shown on her 1976 return although the record shows that petitioner was not living at that address when the notice of deficiency was mailed, and respondent's file contained some indication to that effect.

Petitioner finally argues that respondent should have sent a duplicate of a joint notice to petitioner rather than an individual notice to her, since a joint return was filed. Petitioner cites *Dolan v. Commissioner*, 44 T.C. 420, 431 (1965), in support of her position. In our view, *Dolan v. Commissioner, supra*, specifically holds that a husband and wife who have filed a joint return are separate taxpayers and that "in the case of a deficiency in respect of a joint return, respondent may send separate notices or he may send a single joint notice; but if he wishes to send a joint notice and has been notified that the spouses have established separate residences, he must send a duplicate original of the joint notice to each spouse." *Dolan v. Commissioner, supra* at 433. Here, respondent has sent a separate notice to petitioner and, in accordance with the language of section 6212(b)(2) and our holding in the *Dolan* case, this separate notice complies with the statutory requirements. Cf. *Camous v. Commissioner*, 67 T.C. 721 (1977).

Petitioner's motion to dismiss as to petitioner Shirley Gray on the ground that the notice of deficiency was not addressed to her at her last known address will be denied.

*An appropriate order will be entered.*