ESTATE OF ALVIN A. GOLDSTEIN, DECEASED, MERRILL W. POLANCER AND WILLIAM GOLDSTEIN, CO-ADMINISTRATORS AD LITEM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Goldstein
Docket No. 27174-85.
United States Tax Court
T.C. Memo 1986-599; 1986 Tax Ct. Memo LEXIS 7; 52 T.C.M. (CCH) 1244; T.C.M. (RIA) 86599; December 29, 1986. *7 P filed a timely petition in response to R's statutory notice of deficiency. P alleged that the notice was not sent to P's last known address. In an attempt to support this allegation, P served a request for interrogatories and request for documents on R. R objected to P's discovery requests as irrelevant. Held P's motion to compel discovery is denied. Since P filed a timely petition any attempt by P to establish that the notice of deficiency was not sent to P's last known address is not relevant or material to any issue or subject matter of this litigation. Jeffry L. Weiler, for the petitioner. John H. Gadon and Julie Tamuleviz, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: Petitioner's Motion to Compel Respondent to Answer More Fully Petitioner's First Set of Interrogatories and Request for Production of Documents, filed September 22, 1986, was assigned for hearing, consideration and ruling, thereon. [1] Respondent, in his notice of deficiency dated April 11, 1985, determined a deficiency in petitioner's Federal income tax for the taxable year 1982 in the amount of $22,061.59. [2] A timely petition was filed on July 15, 1985. *8 (The petition was mailed on July 9, 1985.) [3] In its discovery request, petitioner seeks information relating to the question of *9 whether the notice of deficiency was issued to petitioner's last known address. Respondent has objected to a substantial portion of petitioner's discovery request. The basis of respondent's objection is that the requested discovery is not relevant since, as a matter of law, the last known address question is not a proper issue in this case. Respondent argues in the alternative that the discovery request is duplicative, unduly burdensome and overly broad. Petitioner argues that the two principal issues in this case are: (1) whether a valid statutory notice has been issued in this case and (2) if a valid notice of deficiency was issued whether the notice was sent to petitioner's last known address. Since the parties appear to agree that the requested discovery relates only to the issue of whether the statutory notice of deficiency was sent to petitioner's last known address, we look to determine whether, based on the facts in the present record, we can determine as a matter of law, that there is no genuine issue of material fact relating to this matter. Our first consideration is to determine whether or not petitioner has made a proper request for discovery and, if so, determine *10 whether we should sustain respondent's objections thereto. The purpose of discovery is to reduce surprise by providing a means by which the parties can obtain knowledge of relevant facts in sufficient time to perfect a record for purposes of trial. [4] A party's right to discovery is determined by reference to principles of relevancy and materiality as set forth in Rule 70 which is derived generally from the Federal Rules of Civil Procedure. Davis v. Commissioner,69 T.C. 716, 720 (1978). The standard of relevancy is somewhat liberal. Zaentz v. Commissioner,73 T.C. 469, 471 (1979); P.T. & L. Construction Co. v. Commissioner,63 T.C. 404, 413-414 (1974). Rule 70(b) permits discovery on the entire subject matter of the case and not merely as to the issues of the pending case. Zaentz v. Commissioner,supra.The burden of establishing that the documents or responses sought are not relevant or otherwise discoverable is on the party opposing production. Rosenfeld v. Commissioner,82 T.C. 105, 112 (1984); Rutter v. Commissioner,81 T.C. 937, 948 (1983); P.T. & L. Construction Co. v. Commissioner,supra.
Since the parties agree that the request *11 for discovery [5] relates only to the question of the last known address we consider that issue as it relates to the relevancy of the discovery. Petitioner alleges in its petition and in other documents that the notice of deficiency was not sent to petitioner's last known address and that respondent's agents failed to otherwise timely notify petitioner of the deficiency.[6] *12 *13 *14 For purposes of our opinion herein, we assume those facts most favorable to petitioner. Accordingly, to properly consider respondent's objection to discovery we assume that the requested discovery could lead to facts which would cause us to conclude that the notice of deficiency was not sent to petitioner's last known address as that term has been judicially defined. See Frieling v. Commissioner,81 T.C. 42, 49 (1983) and cases cited therein.
The question of petitioner's "last known address" usually arises either because of (1) a jurisdictional defect (untimely petition and claim by the taxpayer that the notice of deficiency was not sent to the last known address, e.g., Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 372 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976)) or (2) a statute of limitations claim (taxpayer's claim that the notice of deficiency which was not sent to the last known address did not toll the statute of limitations, e.g., Reddock v. Commissioner,72 T.C. 21 (1979); Frieling v. Commissioner,supra.). We first consider the jurisdictional question. There is no dispute that a timely petition was filed in this case. In this regard, "It has been held repeatedly that an error in the address to which the notice of deficiency is mailed does not render the notice invalid so as to defeat Tax Court jurisdiction where the petition is timely filed." Mulvania v. Commissioner,81 T.C. 65, 68 (1983). [7] Accordingly, the validity of the notice of deficiency cannot be attacked on the ground that it *15 was not sent to petitioner's last known address since a timely petition was filed. Mulvania v. Commissioner,supra;Gray v. Commissioner,73 T.C. 639, 645 (1980). [8]
Petitioner relies on Reddock v. Commissioner,supra for the proposition that a notice of deficiency which is erroneously addressed and undelivered is not valid for any purpose. Respondent on the other hand argues that petitioner misconstrues Reddock. We agree with respondent. In Reddock, the notice of deficiency was issued to the taxpayer shortly before the statute of limitations was due to expire. The notice was returned to the Internal Revenue Service as undeliverable and remailed at a date after the three-year statute of limitations had expired. The taxpayer upon receipt of the second mailing of the notice of deficiency filed a petition with the Court within 90 days of the second issuance of the notice of deficiency. The taxpayer moved to *16 dismiss on the ground that the assessment of a deficiency was barred by the statute of limitations. The Court held that the assessment was barred since the notice of deficiency was not remailed to the taxpayers until after the period of limitations had expired. [9]
The tax year in issue in this case is 1982. The notice of deficiency was issued on April 11, 1985. A timely petition was filed. Since the return was due to be filed on April 15, 1983 the normal three-year statute of limitations would expire on April 15, 1986 assuming the return was filed on or before that date. [10] Section 6501(a). Thus, since the notice of deficiency was timely issued on April 11, 1985 and received by petitioner there is no statute of limitations issue present in this case. *17 [11]
We are unaware of any information that petitioner could obtain through discovery which would cause a different result herein. Accordingly, since we have found that there is no genuine issue or matter regarding the last known address of the notice of deficiency, and as a matter of law we have jurisdiction in this case, petitioner's discovery request is not relevant or material to any issue or subject matter of this litigation. Thus, petitioner's Motion to Compel, filed September 22, 1986, will be denied. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7456(d) of the Internal Revenue Code of 1954, as amended (which has been redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556) and Rule 180, Tax Court Rules of Practice and Procedure.↩ All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. The notice of deficiency was addressed to Alvin A. Goldstein and Phyllis Goldstein. ↩
3. Alvin A. Goldstein died on or about January 26, 1984. The original petition was filed on behalf of Alvin A. Goldstein, deceased, by William Goldstein, trustee. By Order dated March 26, 1986 the Court allowed the petition to be modified, permitting substitution of William Goldstein and Merrill W. Polancer, administrators Ad Litem, for William Goldstein, trustee, as personal representatives of the estate. At the time of his death Alvin A. Goldstein resided in Boca Raton, Florida. The estate was probated by the Probate Court, Palm Beach County, Florida.↩
4. Keating v. Commissioner,T.C. Memo 1985-312↩.
5. There does not appear to be an issue of compliance by petitioner with informal requests for information. Branerton Corp. v. Commissioner,61 T.C. 691, 692↩; Rule 70(a)(1).
6. The allegations are in part as follows: William Goldstein was named trustee of a revocable trust executed by Alvin A. Goldstein on April 17, 1979; Alvin A. Goldstein signed a document dated November 28, 1983 entitled Last Will and Testament which states that Phyllis Goldstein is designated personal representative; as of the date of filing the Petition herein, Phyllis Goldstein had not offered the November 28, 1983 document for probate administration nor had she qualified as a personal representative of the estate; Alvin A. Goldstein died on January 26, 1984 and immediately prior to his death he was domiciled in Boca Raton, Palm Beach County, Florida; William Goldstein is named as executor in a document entitled Last Will and Testament of Alvin A. Goldstein, dated January 31, 1983; Alvin A. Goldstein filed a joint Federal income tax return with his wife Phyllis Goldstein for the taxable year 1982; a notice of deficiency, dated April 11, 1985, was sent to Alvin A. Goldstein and Phyllis Goldstein at P.O. Box 992, Boca Raton, Florida 33429; William Goldstein, trustee, filed a Form 1040 for Alvin A. Goldstein [year omitted] in October 1984. The return reflected an address of Alvin A. Goldstein (deceased 1-26-84), 800 Standard Building, Cleveland, Ohio 44113; a letter was sent by Merrill W. Polancer, C.P.A. to the Internal Revenue Service, dated March 5, 1985, advising the Internal Revenue Service that Jeffry L. Weiler was representing Alvin A. Goldstein; on March 11, 1985, the Internal Revenue Service received a letter dated March 6, 1985 from Jeffry L. Weiler, counsel to William Goldstein, trustee, and power of attorney authorizing Jeffry L. Weiler to represent Alvin A. Goldstein for income tax matters for 1982, 1983 and 1984. The address of Alvin A. Goldstein was shown as William A. Goldstein, trustee, 800 Standard Building, Cleveland, Ohio 44113; on June 7, 1985, a representative of the Internal Revenue Service called attorney Jeffry L. Weiler to advise that a notice of deficiency was issued on April 11, 1985 concerning Alvin A. Goldstein's 1982 income tax liability; on June 17, 1985 a representative of the Internal Revenue Service mailed to attorney Weiler the face page of the April 11, 1985 notice of deficiency; on June 24, 1985 a representative of the Internal Revenue Service mailed to attorney Weiler a copy of a June 24, 1985 form letter (letter 1020) with attachments reflecting the income tax changes and adjustments by the Internal Revenue Service. Attorney Weiler concludes from the aforementioned allegations that petitioner was significantly prejudiced by the Internal Revenue Service's failure to timely provide a copy of the notice of deficiency.
7. See also Clodfelter v. Commissioner,527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Zaun v. Commissioner,62 T.C. 278 (1974); Goodman v. Commissioner,71 T.C. 974 (1979); Lifter v. Commissioner,59 T.C. 818↩ (1973). 8. See also Paul v. Commissioner,T.C. Memo. 1985-21↩.
9. Compare Frieling v. Commissioner,81 T.C. 42, 53↩ (1983), where a notice of deficiency was issued on the last day of the three-year limitations period. The notice was not sent to the taxpayer's last known address. Nevertheless, taxpayers received the notice and filed a timely petition. We held that we had jurisdiction in that case and further that the statute of limitations was tolled by the timely issuance of the notice of deficiency.
10. While the record does not indicate the date the return was filed, we note that there is no delinquency addition determined under section 6651(a)(1). Accordingly, taking a position most favorable to petitioner, we assume that the return was timely filed. ↩
11. Petitioner has not raised the statute of limitations. Rule 39 requires that a party affirmatively plead the statute of limitations. No such pleadings are made here.↩