T.C. Memo. 2001-46

UNITED STATES TAX COURT

AMILU S. ROTHHAMMER, FORMERLY AMILU S. MARTIN, Petitioner,
AND ALFRED J. MARTIN, JR., Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22961-88.          Filed February 27, 2001.

<u>Patricia Tucker</u>, for movant Alfred J. Martin, Jr.

<u>Anne W. Durning</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on Alfred J.

Martin, Jr.'s (Martin)[1] motion for litigation costs under section

---

[1]  Alfred J. Martin, Jr. (Martin), is no longer a petitioner because, in <u>Martin v. Commissioner</u>, T.C. Memo. 2000-187, we held that we lacked jurisdiction as to him because he did not authorize or ratify the filing of the petition in this case. Despite this, we have jurisdiction to decide Martin's claim for litigation costs.  See <u>Weiss v. Commissioner</u>, 88 T.C. 1036 (1987).

7430[2] and Rule 231.[3]  After concessions, the sole issue for decision is whether respondent's position in the underlying proceeding was substantially justified.  We hold that it was.  Thus, Martin is not entitled to an award of litigation costs.

The parties submitted memoranda and affidavits supporting their positions.  We decide the motion based on those memoranda and affidavits.  Neither party requested a hearing.  We conclude that a hearing is not necessary to decide this motion.  See Rule 232(a)(3).

## Background

A.    Petitioner and Martin

Petitioner Amilu S. Rothhammer (Rothhammer), formerly Amilu S. Martin, lived in Colorado Springs, Colorado, and Martin lived in Suffolk, Virginia, when the petition was filed.  Rothhammer and Martin invested in the Elektra/Hemisphere tax shelter in the early 1980's and deducted amounts based on those investments.

---

[2]  Section references are to the Internal Revenue Code in effect for the years in issue.  References to sec. 7430 are to that section as amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, effective for proceedings which commenced after Dec. 31, 1985.  A "proceeding" under sec. 7430 commences when the petition is filed.  See Maggie Management Co. v. Commissioner, 108 T.C. 430, 438 (1997).  The petition was filed on Sept. 6, 1988.  The amendments to sec. 7430 made by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743, do not apply here because they are first effective for proceedings commencing after Nov. 10, 1988.

[3]  Rule references are to the Tax Court Rules of Practice and Procedure.

B.    Martin v. Commissioner, T.C. Memo. 2000-187

In 1986, respondent issued a notice of deficiency to Martin denying his Elektra/Hemisphere deductions for 1981 and 1982 and determining a deficiency.  Respondent also issued a notice of deficiency to Rothhammer for 1981 and another for 1982 denying her Elektra/Hemisphere deductions for those years.  Attorney Robert Bergman (Bergman) filed a petition on behalf of Martin and Rothhammer in docket No. 32146-86.[4]  Attorney Jeffrey Berg (Berg), who was a member of Bergman's law firm, entered his appearance in docket No. 32146-86 in November 1986.[5]

In 1988, respondent issued a notice of deficiency to Martin and a second one to Rothhammer denying their Elektra/Hemisphere deductions for 1980.  Berg signed and filed a petition in this case, docket No. 22961-88, in Rothhammer's and Martin's name. Berg attached Rothhammer's, but not Martin's, notice of deficiency to the petition.

Martin contended that the 1988 petition was invalid as to him because he did not authorize or ratify the filing of the petition.  Respondent contended that the petition was valid as to Martin because he authorized Berg to sign and file the petition

_____

[4]  Amilu Rothhammer was dismissed from docket No. 32146-86 on Sept. 30, 1988, for lack of jurisdiction, because she and Martin had filed separate petitions disputing deficiencies for 1981 and 1982.

[5]  Jeffrey Berg was allowed to withdraw as counsel in docket No. 32146-86 on Jan. 26, 1989.

or ratified the filing of the petition. Respondent's contention that Martin authorized or ratified the filing of the petition was based on the following facts: (1) Attorney Berg signed the petition on Martin's behalf; (2) correspondence to and from Martin referred to docket No. 22961-88; (3) Rothhammer and Martin had a case involving Elektra/Hemisphere for other years; and (4) Berg and his law firm had filed many petitions on behalf of Elektra/Hemisphere investors. See Martin v. Commissioner, T.C. Memo. 2000-187.

## Discussion

### A. Motion for Litigation Costs

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs. See sec. 7430(a), (c). To be entitled to an award, the taxpayer must:

1. Exhaust administrative remedies. See sec. 7430(b)(1). Respondent concedes that Martin meets this requirement.

2. Establish that the position of the United States was not substantially justified. See sec. 7430(c)(2)(A)(i). The parties dispute whether Martin meets this requirement.

3. Substantially prevail with respect to the amount in controversy. See sec. 7430(c)(2)(A)(ii)(I). Respondent concedes that Martin substantially prevailed.

4.    Have net worth for individuals that does not exceed $2 million.  See sec. 7430(c)(2)(A)(iii); 28 U.S.C. sec. 2412(d)(1)(B) (1986).  Respondent concedes that Martin meets this requirement.

5.    Show that the taxpayer did not unreasonably protract the proceedings.  See sec. 7430(b)(4).  Respondent concedes that Martin meets this requirement.

6.    Establish that the amount of costs and attorney's fees claimed by the taxpayer is reasonable.  See sec. 7430(a), (c)(1).  Respondent agrees that the amounts Martin claimed are reasonable except for certain costs respondent contends are unsubstantiated.

A taxpayer has the burden of proving that he or she meets each of these requirements before the Court may award litigation costs under section 7430.  See Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

Thus, to prevail, Martin must show that respondent's position that the petition was valid as to Martin was not substantially justified.  If Martin meets this requirement, he must also show that the amount of costs and attorney's fees that he claimed is reasonable.

B.   Position of the United States and the Substantially
     Justified Standard

Respondent contended in Martin v. Commissioner, supra, that the petition was valid as to Martin because he authorized Berg to sign and file the petition.  To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.  See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984); Powers v. Commissioner, 100 T.C. 457, 470, 473 (1993), affd. on this issue, revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995).  For a position to be substantially justified, there must be substantial evidence to support it.  See Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The fact that the Commissioner eventually loses or concedes a case does not establish that a taxpayer is entitled to an award of reasonable litigation and administrative costs.  See Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  However, it is a factor to be considered.  See Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471.

C.   Whether Respondent's Position Was Substantially Justified

     1.   Reasonable Basis in Law

     We first decide whether respondent had a reasonable basis in law for the contention that the petition was valid as to Martin. Respondent cites Rule 33(b), Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830 (1824), and Gray v. Commissioner, 73 T.C. 639, 646-647 (1980), for the proposition that an attorney who signs a petition is presumed to have authority to do so, and that Berg's signature is his representation that he was authorized to represent Martin.  Rule 33(b) states in pertinent part that:  "The signature of counsel also constitutes a representation by counsel that counsel is authorized to represent the party or parties on whose behalf the pleading is filed." Martin does not contend that respondent lacked a basis in law for the contention that Berg was authorized to file the petition for Martin.  We conclude that respondent had a reasonable basis in law for contending that Berg was authorized to file the petition on Martin's behalf.

     2.   Reasonable Basis in Fact

     We next decide whether respondent had a reasonable basis in fact to contend that the petition was valid as to Martin.  When respondent filed the answer in this case, respondent knew that Berg was an attorney and that he had signed the petition for Rothhammer and Martin.  Respondent also knew that Bergman had

filed a similar petition for Rothhammer and Martin for other years and that Berg had been their attorney in that case, and that Berg and his law firm had filed similar petitions for many other taxpayers. It was reasonable for respondent to believe that Martin had authorized Berg to file the petition for Martin.

Martin's counsel told respondent's counsel in April 1999 that Martin had not authorized or ratified the filing of the petition in this case. Respondent's counsel spoke to Berg in April 1999 and received subpoenaed documents from Berg's law firm in May 2000. The documents appeared to be contrary to Martin's position because they included the docket number for this case.

We conclude that respondent had a reasonable basis in fact for the position that the petition was valid as to Martin on grounds that Berg was authorized to sign the petition for Martin.

3. Martin's Contentions

Martin contends that respondent's position was not substantially justified because Berg did not attach to the petition a copy of the notice of deficiency sent to Martin. Martin contends that this violates Rule 34(b)(8) and, as a result, that we lack jurisdiction over him. We disagree. Rule 34(b)(8) states that a copy of the notice of deficiency shall be attached to the petition. However, failure to attach to the petition a copy of a notice of deficiency does not deprive this

Court of jurisdiction. See, e.g., <u>Secunda v. Commissioner</u>, T.C. Memo. 1977-185.

Martin contends that <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142 (1988); and <u>Estate of DuPuy v. Commissioner</u>, 48 T.C. 918 (1967), establish that we lack jurisdiction. We disagree. In those cases, after the 90-day period for filing a petition expired, motions were filed to amend the petitions to contest deficiencies for taxpayers or tax years omitted from the original petitions. The instant case is distinguishable because, here, the petition stated that Martin contested the deficiency that resulted from his and Rothhammer's investment in Elektra/Hemisphere, which was the same deficiency described in the notice of deficiency sent to Rothhammer and attached to the original petition. We conclude that neither Rule 34(b)(8) nor the cases cited by Martin establish that respondent's position was not substantially justified because a copy of the notice of deficiency sent to him was not attached to the petition.

4. <u>Conclusion</u>

Respondent had a reasonable basis in law and fact for the position that Martin authorized Berg to sign and file the petition on his behalf when respondent filed the answer and throughout the judicial proceeding.[6]

---

[6] We need not decide whether the number of hours billed by Martin's counsel and accountant and Martin's other litigation
(continued...)

We conclude that respondent's position that the petition was valid as to Martin was substantially justified.

To reflect the foregoing,

<u>An appropriate order will be issued denying Martin's motion for an award of litigation costs</u>.

---

[6](...continued)
costs were reasonable in light of our conclusion that respondent's position was substantially justified.