## Wolff, Appellant, v. Barton and Barton, Inc.

Argued November 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Paul Shalita,* with him *Adelman & Lavine,* for appellant.

*Lloyd A. Good, Jr.,* with him *Wesley H. Caldwell,* and *Roper & Caldwell,* for appellee.

OPINION PER CURIAM, January 21, 1963:

This is an appeal from an order of the court of common pleas making absolute appellee's rule to show cause why judgment should not be opened. Order affirmed. Costs to abide the event.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

Irving R. Barton, Jr., was indebted to his aunt in the amount of $10,000. Sometime after the debt was contracted the insurance business, which he owned and operated, was incorporated and the corporation issued $40,000 worth of debentures to the Boston Insurance Co. for funds which were advanced to the corporation. The corporation then delivered to Barton's aunt its promissory note in the sum of $10,000 which was signed by Barton as president and treasurer at a time when Barton was also the sole shareholder of the corporation. The corporation defaulted in its payments to the Boston Insurance Co. which then assumed ownership of all the capital stock of the corporation and control of its operation. Barton's aunt entered the

judgment note that had been given her. The corporation then filed a petition for rule to open the judgment, joined in by the Boston Insurance Co. Under the Business Corporation Law, Act of May 5, 1933, P. L. 364, §305, 15 P.S. §2852-305 the note executed by Barton at the time he was president and treasurer and sole shareholder of the corporation is a valid obligation of the corporation, and it was a manifest abuse of discretion on the part of the lower court to open the judgment, particularly since the record does not disclose any equitable reason why the aunt should not maintain her position against the corporation. The court improperly considered the equities existing between the corporation and the Boston Insurance Co. The consideration of those equities have no place in this proceeding and constitute a palpable abuse of discretion which we should reverse.

I know of no precedent which would permit an invalidation of an innocent creditor's claim against a corporation because of a fraud practiced by the corporation upon another creditor. I would require the Boston Insurance Co. to assert its position in some proceeding other than by directly attacking the validity of this judgment, a position which it has no right to maintain and, as a stranger, no right to assert.