THERMAL ENERGY CONCEPTS, INC., DAVID KAGEL, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thermal Energy Concepts v. Commissioner
Docket No. 11028-90
United States Tax Court
T.C. Memo 1993-541; 1993 Tax Ct. Memo LEXIS 565; 66 T.C.M. (CCH) 1368; November 22, 1993, Filed *565 For petitioner: Avram Salkin.
For respondent: Sherri Munnerlyn. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on petitioner's Motion for Summary Judgment and Supplement to Petitioner's Motion for Summary Judgment pursuant to Rule 121. [1] *566 Petitioner contends that the period of limitations expired before respondent mailed the notice of final S corporation administrative adjustment (FSAA) and further that the FSAA was invalid because the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648, respecting unified proceedings (secs. 6221 through 6245) do not apply here. Respondent opposes the motion and asks the Court to conclude that the limitations period did not expire because a Form 872-R, Special Consent to Extend the Time to Assess Tax Attributable to Items of an S corporation, was executed on behalf of the parties, [2] and the TEFRA rules regarding unified proceedings do apply. Because we agree with respondent, we deny petitioner's motion and grant summary judgment in respondent's favor as to the validity of the FSAA. Background
We assume the facts described below based on the pleadings and other pertinent materials in the record. Rule 121(b). They are stated solely for purposes of deciding the Motion for Summary Judgment. Fed. R. Civ. P. 52(a). When the petition was filed, Thermal Energy Concepts, Inc. (Energy), [3] was an S corporation, which no longer had a principal place of business [4] but kept its books and records in New York, New York. *567 Energy was formed in 1983, and its stock was owned one-third each by David L. Kagel, Peter Katz, and Norman Twain. Energy filed its 1983 Form 1120-S, U.S. Income Tax Return for an S Corporation, on July 16, 1984. The Internal Revenue Service began an examination of Energy for 1983 some time thereafter. In June 1987, a Form 872-R, Special Consent to Extend the Time to Assess Tax Attributable to Items of an S Corporation, relating to 1983 was signed on the line designated for the TMP by Mr. Twain, who was the chief financial officer and vice president of Energy, and by an Internal Revenue Service group manager. Respondent has conceded that Mr. Twain was not the TMP. The Form 872-R states that the limitations period for assessment of subchapter S items is extended through the 90th day after the Internal Revenue Service receives a Form 872-Q, Notice of Termination of Special Consent to Extend the Time to Assess Tax Attributable to Items of an S Corporation or mails a Form 872-Q to the corporation. There is nothing in the record to suggest that a Form 872-Q was ever sent. The bylaws of Energy provide in relevant part: ARTICLE III OFFICERS * * * Section 8. VICE PRESIDENT. *568 In the absence or disability of the President, the Vice Presidents, in order of their rank as fixed by the Board of Directors, or if not ranked, the Vice President designated by the Board of Directors, shall perform all the duties of the President, and when so acting shall have all the powers of, and be subject to, all the restrictions upon, the President. The Vice Presidents shall have such other powers and perform such other duties as from time to time may be prescribed for them respectively by the Board of Directors or the By-Laws.
* * * Section 10. CHIEF FINANCIAL OFFICER. This officer shall keep and maintain, or cause to be kept and maintained in accordance with generally accepted accounting principles, adequate and correct accounts of the properties and business transactions of the corporation, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, capital, earnings (or surplus) and shares. The books of account shall at all reasonable times be open to inspection by any director. This officer shall deposit all monies and other valuables in the name and to the credit of the corporation with such depositories as may be designated *569 by the Board of Directors. He shall disburse the funds of the corporation as may be ordered by the Board of Directors, shall render to the President and directors, whenever they request it, an account of all his transactions and of the financial condition of the corporation, and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors or the By-Laws.
* * * ARTICLE VI CORPORATE CONTRACTS AND INSTRUMENTS-HOW EXECUTED The Board of Directors, except as in the By-Laws otherwise provided, may authorize any officer or officers, agent or agents, to enter into any contract or execute any instrument in the name of and on behalf of the corporation. Such authority may be general or confined to specific instances. Unless so authorized by the Board of Directors, no officer, agent or employee shall have any power or authority to bind the corporation by any contract or agreement, or to pledge its credit, or to render it liable for any purpose or any amount, except as provided in Section 313 of the Corporations Code.
The articles of incorporation of Energy state that it will engage in business activity under the General Corporation *570 Law of California and the California Corporations Code. Cal. Corp. Code section 313 (West 1977) states in relevant part that any contract or instrument in writing executed or entered into between any corporation and any other person, when signed by * * * any vice president and * * * the chief financial officer * * * is not invalidated as to the corporation by any lack of authority of the signing officers in the absence of actual knowledge on the part of the other person that the signing officers had no authority to execute the same.
Duplicate originals of the FSAA relating to 1983 were mailed by the Internal Revenue Service on December 29, 1989, to Mr. Twain as TMP of Energy at Santa Monica, California, and New York, New York, addresses and to the TMP of Energy at the same addresses. During May 1990, the petition was filed with the Court. [5]
*571 Discussion
Petitioner contends that the Form 872-R was "null and void" because Mr. Twain was not authorized to sign it on behalf of Energy, citing section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), and signed on the line designated for the TMP. Additionally, petitioner maintains that the Form 872-R is not binding as to Mr. Twain because it does not relate to him individually but to Energy. Petitioner also argues that the FSAA is "invalid" inasmuch as Energy had fewer than 10 shareholders, citing Arenjay Corp. v. Commissioner, 920 F.2d 269 (5th Cir. 1991). Respondent contends that State law and the corporate bylaws authorized Mr. Twain as vice president and chief financial officer to sign the Form 872-R pursuant to section 6229(b)(1)(B). Alternatively, respondent argues that the Form 872-R is binding at least on Mr. Twain, even if not on the other shareholders. Additionally, respondent maintains that the TEFRA unified partnership provisions apply to Energy, although it had only three shareholders, citing Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991). *572 Section 6229(a) provides that the period for assessing tax relating to a partnership item shall not expire before the date which is 3 years after the later of the date the partnership return was filed or the date it was due (determined without considering extensions). The period may be extended (1) as to any partner, by agreement entered into between the Secretary and such partner, and (2) as to all partners, by agreement entered into between the Secretary and the tax matters partner or any person authorized by the partnership in writing to enter into such an agreement. Sec. 6229(b). Section 6244 makes the TEFRA partnership provisions applicable to "subchapter S items" for tax years beginning after December 31, 1982, except to the extent modified or made inapplicable by regulations. The term "subchapter S items" includes items of income, gain, loss, deduction, and credit of the S corporation. Sec. 6245; sec. 301.6245-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). The validity of the Form 872-R depends on whether Mr. Twain was a person authorized in writing by Energy to execute the Form 872-R as provided in section 6229(b)(1)(B). *573 A motion for summary judgment should be granted under Rule 121(c) only if the record establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 121(b). The burden of proof is on the moving party. We view the evidence in the light most favorable to the nonmoving party. Blanton v. Commissioner, 94 T.C. 491, 494 (1990); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). A motion for summary judgment will be denied if there is any reasonable doubt as to the facts in issue. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). With respect to partnerships, the written authorization under section 6229(b) does not have to be specific; a general grant of authority in the partnership agreement will authorize a person who is a general partner and may act as agent under State law for the partnership. Cambridge Research v. Commissioner, 97 T.C. 287, 296-302 (1991); Iowa Investors Baker v. Commissioner, T.C. Memo. 1992-490. Additionally, the consent is not invalid because *574 a general partner so authorized in writing, who is not the tax matters partner, signs it on the line designated for the tax matters partner. Cambridge Research v. Commissioner, supra at 302. We have recently applied these conclusions to S corporations in Bugaboo Timber Co. v. Commissioner, 101 T.C.     (1993). The effect of Cal. Corp. Code section 313 (West 1977) is to bind a corporation by contracts or instruments in writing executed on its behalf by the individuals it designates to certain positions [6] (including any vice president and its chief financial officer) unless it shows that the other party to the contract or instrument had actual knowledge that the corporate representatives did not have such authority. The bylaws of Energy specifically acknowledge and incorporate the broad authority conferred under this provision. The purpose of the provision "is to allow third parties to rely upon the assertive authority of various senior executive officers of the corporation concerning the execution of any instrument on behalf of the corporation." Cal. Corp. Code sec. 313, Legis. Committee comment (West 1977). "Such extra protection for *575 third parties who deal with corporations is warranted since corporations necessarily act through agents." Taormina Theosophical Community, Inc. v. Silver, 140 Cal. App. 3d 964, 971, 190 Cal. Rptr. 38, 42 (1983). *576 We consider the broad authority in the California code provision as specifically incorporated into the bylaws of Energy to authorize Mr. Twain as vice president and chief financial officer to enter into the Form 872-R pursuant to section 6229(b)(1)(B). Thus, we conclude that the Form 872-R was valid and effective to extend the limitations period on behalf of Energy. The validity is not affected by the fact that Mr. Twain signed it on the line designated for the TMP. See Bugaboo Timber Co. v. Commissioner, supra; Cambridge Research v. Commissioner, supra at 302. Petitioner argues that, pursuant to section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), which was issued before the Form 872-R was signed, there was no adequate written statement authorizing Mr. Twain to sign it. Section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., supra, states that any partnership may authorize any person to sign a consent to extend the assessment period by filing a statement with the appropriate Internal Revenue Service service center. The statement filed is to provide that it authorizes *577 such person to extend the period, identify the partnership and such person by name, address, and taxpayer identification number, specify the partnership year for which the authorization is effective, and be signed by all general partners. Sec. 301.6229(b)-lT, Temporary Proced. & Admin. Regs., supra. We have concluded with respect to partnerships that specificity of the written authorization is not required. See Cambridge Research v. Commissioner, 97 T.C. at 300-301; Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 242-243 (1990). Petitioner argues that the conclusions in these cases are dicta because the temporary regulations were issued after the consents in issue were signed, not before as occurred here. Regardless, we similarly concluded that specificity in the written authorization by an S corporation is not required. Bugaboo Timber Co. v. Commissioner, supra. In doing so, we noted that section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., supra, does not specifically apply to S corporations. We are convinced that under California law as incorporated in the bylaws of Energy, the designation *578 of Mr. Twain as vice president and chief financial officer constituted written authorization for him to sign the Form 872-R. We reject petitioner's contention that the TEFRA partnership provisions do not apply to Energy because it has only three shareholders. In Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991), we concluded that these provisions apply to S corporations for tax years before the effective date of section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 27, 1987), which provides that, where an S corporation has five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The temporary regulations are applicable only to a tax year of an S corporation, the due date of the return of which is on or after January 30, 1987. In Beard v. United States, 992 F.2d 1516 (11th Cir. 1993), the Court of Appeals for the Eleventh Circuit recently agreed with our conclusion in Eastern States Casualty Agency, Inc. v. Commissioner, supra.
Venue for an appeal here would not be *579 the U.S. Court of Appeals for the Fifth Circuit. Thus, Arenjay Corp. v. Commissioner, 920 F.2d 269 (5th Cir. 1991), is not controlling, and we respectfully decline to follow it. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). In light of our conclusions, we need not reach respondent's alternative arguments. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Alternatively, respondent argues that the Form 872-R is effective to extend the limitations period individually for the person who signed it.↩
3. The FSAA for Thermal Energy Concepts, Inc. (Energy), disallows deductions totaling $ 756,254.↩
4. During the year in issue, Energy had a principal place of business in Santa Monica, California. Venue for appeal in petitions filed under the TEFRA unified partnership provisions, which are generally applicable to subch. S items under sec. 6244, is the U.S. Court of Appeals for the circuit in which the principal place of business of the partnership, or presumably of the S corporation, is located at the time the petition is filed. Sec. 7482(b)(1)(E); see Peat Oil & Gas Associates v. Commissioner, T.C. Memo. 1993-130↩.
5. Pursuant to sec. 6226(b)(1), we consider the petition to be timely as filed by Mr. Kagel as a notice person, not TMP. See Barbados #6 Ltd. v. Commissioner, 85 T.C. 900↩ (1985).
6. Cal. Corp. Code sec. 312 (West 1977) allows the same person to hold any number of officer positions within the corporation. Cal. Corp. Code sec. 313 (West 1977) was modeled after Pa. Stat. Ann. tit. 15, sec. 1305 (1967). Cal. Corp. Code sec. 313, Legis. Committee comment (West 1977). In interpreting the relevant language, the Pennsylvania courts consider the contract or instrument binding if one person serving in two officer positions signs the contract or instrument in issue. Collins v. Tracy Grill & Bar Corp., 19 A.2d 617 (Pa. Super. Ct. 1941); see also Wolff v. Barton & Barton, Inc., 409 Pa. 555, 187 A.2d 580 (1963). We conclude that the California courts would apply Cal. Corp. Code sec. 313↩ (West 1977) similarly. We note that petitioner does not argue that the California provision does not apply here because the Form 872-R was signed only by Mr. Twain, who was both vice president and chief financial officer of Energy.